**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY PRIDE, et al.,

    *Plaintiffs*,

  v.

U.S. DEPARTMENT OF AGRICULTURE,
 et al.,

    *Defendants*.

No. 1:23-cv-02292-LLA

**PLAINTIFFS' MEMORANDUM OF
LAW IN OPPOSITION TO MOVANTS'
MOTION TO CONSOLIDATE CASES**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... ii

PROCEDURAL BACKGROUND ................................................................................... 2

ARGUMENT .................................................................................................................. 4

I.      The Provosts' Request to Consolidate Should Be Denied As Premature .......................... 6

II.     The Provosts' Requested Relief Is Overbroad And Improper ........................................... 7

III.    Plaintiffs In This Action Will Be Prejudiced by The Requested Relief ............................. 8

IV.     Plaintiffs Are Entitled To Their Choice of Counsel And There is No Need To Appoint "Lead Counsel" For Both Actions .................................................................................... 11

CONCLUSION ............................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                    **Page(s)**

*Bell v. Dep't of Def.*,
   No. CV 16-02403, 2018 WL 4637006 (D.D.C. Sept. 27, 2018) ...............................7

*Benson v. Fischer*,
   No. 16-CV-509, 2019 WL 332434 (D. Minn. Jan. 25, 2019)...................................6

Biondi v. Scrushy,
   820 A.2d 1148 (Del.Ch.2003)...............................................................................13

*Blasko v. Wash. Metro. Area Transit Auth.*,
   243 F.R.D. 13 (D.D.C. 2007)..................................................................................5

Clayton v. D.C.,
   36 F. Supp. 3d 91 (D.D.C. 2014) ..........................................................................8

*In re Crude Oil Commodity Futures Litig.*,
   No. 11 CIV. 3600, 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012)...........................13

De La Fuente v. DNC Servs. Corp.,
   No. CV 18-336, 2019 WL 1778948 (D.D.C. Apr. 23, 2019) ................................6

*Does No. 1 v. Springboro Cmty. City Sch. Dist.*,
   No. 1:19-CV-785, 2022 WL 219368 (S.D. Ohio Jan. 25, 2022)........................9, 14

Greene v. 4520 Corp.,
   No. 4:21-CV-00074, 2023 WL 3513306 (E.D.N.C. May 17, 2023) .....................10

*Hall v. Hall*,
   584 U.S. 59 (2018)..................................................................................................7

Hanson v. D.C.,
   257 F.R.D. 19 (D.D.C. 2009).................................................................................4

Johnson v. Manhattan Ry. Co.,
   289 U.S. 479 (1933)...............................................................................................8

*Kavon v. BMW of N. Am., LLC*,
   No. 20-CV-15475, 2023 WL 198739 (D.N.J. Jan. 17, 2023).................................8

Klayman v. Judicial Watch, Inc.,
   255 F. Supp. 3d 161 (D.D.C. June 15, 2017).........................................................9

Leopold v. U.S. Dep't of Justice,
   No. 21-CV-0558, 2021 WL 2073352 (D.D.C. May 24, 2021)..............................14

ii

*McFadden v. Nationstar Mortg. LLC*,
No. CV 20-166, 2022 WL 18542489 (D.D.C. Mar. 31, 2022)..............................................12

*Moehrl v. Nat'l Ass'n of Realtors*,
No. 19-CV-01610, 2020 WL 5260511 (N.D. Ill. May 30, 2020)....................................12, 13

*Moradi v. Adelson*,
No. 11-CV-00490, 2011 WL 5025155 (D. Nev. Oct. 20, 2011) ...........................................13

*\*Morgan v. D.C.*,
No. CV 08-172, 2009 WL 10719795 (D.D.C. Mar. 10, 2009)...............................................11

*New York v. Microsoft Corp.*,
209 F.Supp.2d 132 (D.D.C.2002) ...........................................................................................8

*Provost v. Vilsack*,
No. 1:24-cv-920 (D.D.C. Mar. 29, 2024) ......................................................................*passim*

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
MDL No. 1869(PLF), 2008 WL 1883447 (D.D.C. Apr.28, 2008).......................................13

*\*Sajfr v. BBG Commc'ns, Inc.*,
No. 10-CV-2341-H, 2011 WL 765884 (S.D. Cal. Feb. 25, 2011).......................................12

*Scarborough v. Nat'l Ass'n of Sur. Bond Producers*,
474 F. Supp. 2d 64 (D.D.C. 2007) ...........................................................................................5

*Simmons v. D.C.*,
No. CV 07-493, 2009 WL 10692727 (D.D.C. Mar. 10, 2009) .............................................11

*\*Singh v. Carter*,
185 F. Supp. 3d 11 (D.D.C. 2016) ...........................................................................................9

*Stewart v. O'Neill*,
225 F.Supp.2d 16 (D.D.C.2002) ...............................................................................................5

*\*Tan v. Goldman Sachs Grp. Inc.*,
No. 1:21-CV-08413, 2022 WL 718395 (S.D.N.Y. Mar. 10, 2022)......................................10

*\*Tawfiq v. DuFresne*,
No. 21-CV-10976, 2022 WL 1592716 (E.D. Mich. May 19, 2022) ........................................5

*\*In re Warner Music Grp. Data Breach*,
No. 20 CIV. 7473, 2021 WL 725728 (S.D.N.Y. Feb. 22, 2021).........................................13

*\*Wise v. Glickman*,
257 F. Supp. 2d 123 (D.D.C. 2003) ........................................................................................11

*Wyatt v. Kozlowski*,
    No. 19-CV-159W(F), 2021 WL 130978 (W.D.N.Y. Jan. 14, 2021) .......................................9

## INTRODUCTION

The *Pride* Plaintiffs filed this action more than one year ago, on August 8, 2023, bringing putative class claims to challenge racial discrimination in the USDA's direct loan program. Now that this Court has decided the USDA's Rule 12 motion and ordered the USDA to answer the *Pride* Plaintiffs' complaint, that lawsuit is ready to proceed into discovery. On March 29, 2024 – more than seven months after the *Pride* Plaintiffs filed their lawsuit and two months after the *Pride* parties completed briefing on the USDA's Rule 12 motion – the Wilson Sonsini law firm filed their own putative class action on behalf of their clients, Wenceslaus and Angela Provost. *See Provost v. Vilsack*, No. 1:24-cv-920 (D.D.C. Mar. 29, 2024) ("*Provost*"). That case currently remains assigned to Judge Timothy Kelly, who, consistent with their request, has ordered the *Provost* Plaintiffs to file an amended complaint by September 16, with the USDA's response – likely a motion to dismiss – not even due until October 28. *See Provost* Dkt. 30.

Immediately after this Court issued its Opinion and Order resolving Defendants' motion to dismiss and holding that the *Pride* Plaintiffs can pursue their claims for alleged violation of the Equal Credit Opportunity Act ("ECOA"), the Provosts filed a motion for consolidation with this Court asserting that the *Pride* Plaintiffs' claims are "wholly subsumed within the Provost complaint" (Mot. at 2, 9) and arguing that the ***Pride*** case should be consolidated with the *Provost* case for all purposes. The motion does not stop with consolidation, and also suggests that counsel for the Provosts should be appointed lead counsel for the consolidated action and that the *Pride* litigation should be stayed. *See, e.g.*, Mot. at 7.

The *Pride* Plaintiffs recognize that the longstanding and sweeping scope of the USDA's discrimination against Black farmers has produced countless victims, and the *Pride* Plaintiffs do not doubt that the Provosts should be entitled to fulsome discovery regarding their claims. Additionally, the *Pride* Plaintiffs do not object to coordinating with the *Provost* plaintiffs to

achieve administrative efficiencies in discovery. But the *Pride* Plaintiffs, who have been waiting for this case to move forward for over a year now, vehemently object to: the filing of consolidated pleadings that will almost surely restart Rule 12 motion practice and cause extensive delay; any further procedural delay in this case; and any attempt to wrest control of the litigation from their choice of counsel who have been actively litigating this action on their behalf the entire time. Filing long after the *Pride* Plaintiffs and with their claims *still not at issue at the time of the filing of their motion*, the Provosts cannot justify asking this Court to make the *Pride* Plaintiffs sit and wait while the Provosts litigate their motion to dismiss regarding additional claims well beyond the single claim now moving forward in the *Pride* litigation.

Indeed, just months ago, the *Provost* Plaintiffs advised Judge Kelly in their Notice of Related Case that relating the cases should have no impact on that Court's "decision on or process for" resolving the USDA's motion to dismiss in that case. Consolidation is both unnecessary and premature at this stage, as is the Provosts' suggestion that their counsel should be appointed, without the consent of any party in this case, to lead a consolidated action while forcing the *Pride* Plaintiffs to wait on a much-later-filed action. The *Pride* Plaintiffs respectfully request that the Court deny the Provosts' motion to consolidate.

## PROCEDURAL BACKGROUND

Contrary to the Provosts' claim that the *Pride* Plaintiffs filed their lawsuit "[s]hortly before the *Provost* Plaintiffs commenced" their action on March 29, 2024, the *Pride* litigation has been pending before this Court since August 8, 2023 – over seven months before *Provost* was filed.

The *Pride* Plaintiffs' complaint challenged discrimination in the USDA's direct loan program under the ECOA and the USDA's administration of the Market Facilitation Program under the Equal Protection Clause. After the Court's Opinion and Order confirming their ability

2

to proceed with the litigation of their ECOA claim, the *Pride* Plaintiffs are prepared to commence discovery.

By contrast to the more narrowly-scoped *Pride* complaint, the *Provost* complaint challenges USDA conduct in both the USDA direct and guaranteed loan programs, alleging six separate claims for relief, including claims under the ECOA, as well as the Administrative Procedure Act, the Fifth Amendment, the Mandamus Act, the Declaratory Judgment Act, and the Freedom of Information Act. *See Provost* Dkt. 1 ("Provost Complaint") ¶¶ 208-236. After the case was assigned to Judge Kelly, the USDA filed a partial motion to dismiss the *Provost* complaint on June 24, 2024. *Provost* Dkt. 25. That motion raised jurisdictional arguments regarding the Provosts' APA and mandamus claims, timeliness arguments regarding their ECOA claim, and arguments about the validity of their pleaded class. None of those issues has even been fully briefed, much less decided, and none of those issues are at issue in this instant litigation.

In addition to including different claims, the *Pride* and *Provost* lawsuits plead different putative class definitions, with the *Pride* Plaintiffs focusing on the USDA direct loan program, and the *Provost* Plaintiffs including both the USDA loan program as well as additional class definitions covering civil rights complaints, federal farm program applications, and land leases. *See Provost* Complaint ¶¶ 199-202.

On April 3, within days of the filing of the Provosts' lawsuit, counsel for the *Pride* Plaintiffs reached out to counsel for the Provosts – the first of multiple efforts to connect and address possible "logistical considerations." On June 26, 2024, after the USDA had filed a motion to dismiss in the *Provost* case raising the possibility of overlapping class definitions, the *Pride* Plaintiffs filed a Notice of Related Case to, consistent with LCvR 40.5(b)(3), advise this

Court of the *Provost* case. *Pride* Dkt. 39. Two days later, on June 28, 2024, the *Provost* Plaintiffs filed a similar Notice of Related Case in their action. *Provost* Dkt. 26. The Provosts' Notice stated that, "Plaintiffs do not believe that relating these cases will or should have any impact on the Court's decision on or process for resolving Defendants' pending motion to dismiss." *Provost* Dkt. 26 at 5; *see also Pride* Dkt. 39 at 2. To date, the *Provost* Plaintiffs have not filed a motion to transfer their lawsuit to this Court.

In response to the *Pride* and *Provost* notices, on July 9, 2024, the USDA Defendants filed an "Objection to Notice of Related Case," asserting that "Plaintiffs' individual claims involve no common issues of fact with *Provost*." *Pride* Dkt. 40 at 1; *see also Provost* Dkt. 27 at 1. The USDA Defendants further stated that "[d]espite some overlap, the class definitions are not coextensive, and in fact, differ significantly." *Pride* Dkt. 40 at 2; *Provost* Dkt. 27 at 2.[1]

Now, after this Court's ruling on August 23, 2024, the *Pride* Plaintiffs are ready to commence discovery, while the Provosts seek relief that would delay the *Pride* Plaintiffs from pursuing their case, so they can amend their complaint and *begin* litigating Rule 12 issues in late October, with no certainty as to when those issues would be decided.

## ARGUMENT

The crux of the Provosts' motion is that consolidation should be granted merely because the cases involve some overlap. *See, e.g.,* Mot. at 7-9. But that alone is not a sufficient basis for consolidation. *See, e.g., Tawfiq v. DuFresne*, No. 21-CV-10976, 2022 WL 1592716, at *1 (E.D. Mich. May 19, 2022) ("Consolidation is not justified or required simply because the actions

---

[1] Of course, it is often the defendant who requests consolidation and the plaintiffs who oppose consolidation to avoid delay in proceeding with the respective cases separately. *See, e.g., Hanson v. D.C.*, 257 F.R.D. 19, 22 (D.D.C. 2009) (granting consolidation over plaintiffs' objection: "it is the court's duty to consider not only the delay that consolidating the cases might cause for the plaintiffs, but also the delay that *not* consolidating the cases would cause for the defendants and for the court.").

*include* a common question of law or fact.") (citation omitted). Further, while the Court has discretion regarding consolidation, courts weigh the differences in the respective cases as well as considerations of possible prejudice. *See, e.g., Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007) ("If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate." (citing *Stewart v. O'Neill,* 225 F.Supp.2d 16, 21 (D.D.C.2002))); *see also Scarborough v. Nat'l Ass'n of Sur. Bond Producers*, 474 F. Supp. 2d 64, 71 (D.D.C. 2007) ("In determining whether consolidation is appropriate, 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'") (citation omitted).

The Provosts' motion to consolidate and requested relief should be denied for the following reasons:

1.  Consolidation is unnecessary and premature at this stage of the litigation;

2.  The Provosts' procedural relief is overbroad and improper;

3.  Consolidation and delay would be highly prejudicial to the *Pride* Plaintiffs; and

4.  The *Pride* Plaintiffs are entitled to their choice of counsel who have been actively litigating this matter for over a year.

The *Pride* Plaintiffs anticipate that, once Judge Kelly or this Court – should the Provosts ever file a motion to transfer their lawsuit – resolve the motion to dismiss the *Provost* litigation, all parties will be able to coordinate to avoid duplicative discovery. If the cases progress to a point where procedural coordination or common schedules achieves judicial economy without causing undue delay, that can be achieved with or without formal consolidation. Until then, the respective parties should pursue the claims they have pleaded.

## I.    The Provosts' Request to Consolidate Should Be Denied As Premature

The Provosts maintain that the Court should consolidate the two actions because "Both the Provost Action and Pride Action are in a similar procedural posture." Mot. at 8. This is not true. Most importantly, the Court has determined that the *Pride* Plaintiffs in *this* action can proceed with their ECOA claim, and the parties are in the process of doing just that. Meanwhile, the Provosts anticipate filing an amended complaint, so it is unclear what claims they even intend to pursue. And while their motion suggests they will continue to include an APA claim, the validity of that claim – as well as possible mandamus and FOIA claims – must still be adjudicated under Rule 12.

The Provosts acknowledge that, following their contemplated amended complaint, the USDA may "take a second bite at the proverbial apple" and file another motion to dismiss. Mot. at 15. At this stage of *their* litigation, then, it is uncertain exactly what claims will be made and what claims will survive a motion to dismiss. Until those issues are resolved, the request for consolidation is, at a minimum, premature. *See, e.g., Benson v. Fischer*, No. 16-CV-509, 2019 WL 332434, at *2 (D. Minn. Jan. 25, 2019) ("Courts have concluded that consolidation is premature when motions to dismiss are pending."); *see also generally De La Fuente v. DNC Servs. Corp.*, No. CV 18-336, 2019 WL 1778948, at *13 (D.D.C. Apr. 23, 2019) ("To the extent Mr. De La Fuente believes that consolidating his case with *Wilson* will allow him to piggyback on Mr. Wilson's action and move straight through discovery, he is mistaken."). Nor is there any basis to order the filing of a single consolidated complaint after the Court has already adjudicated the complaint and claims that the *Pride* Plaintiffs filed.

Consolidation can be revisited if and when it becomes clear that it offers meaningful procedural efficiencies. Instead, the Provosts' motion threatens to undermine the point of the

Rule 12 process the Court has already undertaken, proliferate the pleadings stage, and commence a do-over of the last year.

## II.    The Provosts' Requested Relief Is Overbroad And Improper

Even though they are not parties to this action and they have no clear standing to file any motion in this case, the Provosts additionally request that the Court stay discovery in the *Pride* litigation ***and*** consider whether to "combine" the respective class action complaints. Staying a currently ongoing litigation for possible consolidation is unjustified. *See generally Bell v. Dep't of Def.*, No. CV 16-02403, 2018 WL 4637006, at *18 (D.D.C. Sept. 27, 2018) ("The court finds that staying this case, for the purposes of a future unguaranteed consolidation, is contrary to judicial economy."), *aff'd* 2019 WL 2563221 (D.C. Cir. May 17, 2019). Here, the Provosts seek to simply subsume the *Pride* litigation into their case while precluding the *Pride* Plaintiffs from continuing to control and timely pursue their claims.

This request is directly contrary to the well-settled rule that, even if consolidation is granted, the cases are ***not*** merged and instead, retain their separate identities. *See, e.g.*, *Hall v. Hall*, 584 U.S. 59, 66 (2018) ("The history against which Rule 42(a) was adopted resolves any ambiguity regarding the meaning of 'consolidate' in subsection (a)(2). It makes clear that one of multiple cases consolidated under the Rule retains its independent character, at least to the extent it is appealable when finally resolved, regardless of any ongoing proceedings in the other cases."); *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."); *Clayton v. D.C.*, 36 F. Supp. 3d 91, 93 (D.D.C. 2014) (denying consolidation and dismissing later-filed action: "[C]onsolidation is a purely ministerial act which

... relieves the parties and the Court of the burden of duplicative pleadings and Court orders.")

(citing *New York v. Microsoft Corp.,* 209 F.Supp.2d 132, 148 (D.D.C.2002)).

Nor is there any reason for a single consolidated complaint for the two cases. *See, e.g., Kavon v. BMW of N. Am., LLC*, No. 20-CV-15475, 2023 WL 198739, at *4 (D.N.J. Jan. 17, 2023) (rejecting request to consolidate two cases into a single complaint: "Here, only two actions are involved. Thus, unlike in *Katz* [*v. Realty Equities Corp.*, 521 F.2d 1354 (2d Cir. 1975)], we are not faced with a potential avalanche of separate pleadings, discovery issues, and dozens of dispositive motions. While there may be substantial similarities between *Kavon* and *Burbank*, the *Burbank* Plaintiff's concern as to the significant difference between the cases is not unreasonable."). The litigations have significant differences in terms of the pleaded class definitions, facts at issue, and legal claims. Whether at class certification or summary judgment, the Court can either rule that certain issues should be decided together or determine the effect of rulings in one case on the other.

III.    **Plaintiffs In This Action Will Be Prejudiced by The Requested Relief**

The *Pride* Plaintiffs strongly object to any delay in their ability to proceed with discovery in their case and doubt the Provosts' speculative assumption that their proposed indefinite stay of the *Pride* litigation would only be for a "few additional months." Mot. at 14-15. Plaintiffs have the right to litigate ***their*** claims on ***their*** timetable. *See, e.g., Does No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2022 WL 219368, at *2 (S.D. Ohio Jan. 25, 2022) (denying consolidation where first filed case had litigated two motions to dismiss and were prepared to embark on discovery: "The Court concludes that keeping the cases separate best serves the interests of judicial economy and expediency. Consolidating the cases in their entirety, at this stage, would tie a racehorse to a foal."); *Singh v. Carter*, 185 F. Supp. 3d 11, 26 (D.D.C. 2016) (denying consolidation with case filed one month after initial action where, in the initial action:

"the Court already opined on the merits of the plaintiff's specialized testing claims," "resolve[d] the plaintiff's preliminary injunction motion, [and] only the claims remaining in the plaintiff's original complaint remain. This case is, thus, well on the way to complete resolution, while [the later-filed case] is in an earlier stage, and consolidation is likely to delay the final resolution of this case.").[2]

The process of pleading a consolidated complaint and resolving Rule 12 practice may take many months. Meanwhile, the *Pride* Plaintiffs' complaint explained the extreme urgency in remedying ongoing racial discrimination. In particular, they seek relief for discrimination in lending practices by the USDA that impact Plaintiffs each growing season. *See, e.g.*, *Pride* Complaint, Dkt. 1, ¶¶ 105-112. With each passing season, Black farmers lose ground, productivity, and even their farms. *Id.* Given the urgency and faced with litigation delay, the *Pride* Plaintiffs have been doing everything they can to be prepared to advance the litigation by pursuing FOIA requests, developing the facts related to numerous class members, and working with retained experts. After the *Pride* Plaintiffs waited a year for the right to seek discovery, suggesting that the Court now preclude them from timely proceeding is wrong and unfair.

Further, the class relief sought by Plaintiffs in this action concerns **only** the USDA direct loan program, which will require less discovery than that sought by the *Provost* Plaintiffs, who have pled three additional classes. While the Provosts are free to pursue whatever additional class relief they believe they can prove and are entitled to, Plaintiffs in this action are not

---

[2] *See also Wyatt v. Kozlowski*, No. 19-CV-159W(F), 2021 WL 130978, at *10 (W.D.N.Y. Jan. 14, 2021) ("That no scheduling conference pursuant to Fed.R.Civ.P. 16(b) has yet been held in either case does not establish both cases are at similar stages as Plaintiff argues."); *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. June 15, 2017) (finding consolidation inappropriate where "the two actions rely on different factual allegations, are at vastly different procedural postures, and consolidation would unnecessarily complicate and delay both proceedings").

required to wait many months to pursue *their* claims until such time as a court decides that the Provosts have viable claims.[3] *See, e.g., Tan v. Goldman Sachs Grp. Inc.*, No. 1:21-CV-08413, 2022 WL 718395, at *2 (S.D.N.Y. Mar. 10, 2022) ("[T]he Court understands that as-yet invisible points of factual and legal divergence, individualized discovery concerns, class certification complications, and even conflicts between the classes, may *eventually* emerge. Such developments could splinter the individual Archegos Actions from one another. Accordingly, the Court deems the prospect of consolidation premature at this time.").[4]

The Provosts have it exactly backwards. The proper and prudent approach is to proceed with **this** case where the viability of the ECOA claim as to the USDA's direct loan program has been determined and, if necessary to avoid duplicative discovery, stay the *Provost* Plaintiffs' claim based on the USDA's direct loan program. The fact that the *Provost* Plaintiffs chose to pursue a litany of additional claims does not support consolidation (and certainly not a stay) at the expense of the *Pride* Plaintiffs' discrete claim. Courts in this district have followed this precise approach in previous farmer discrimination class action litigation (as well as other

---

[3] The *Provost* Plaintiffs also claim that Plaintiffs in this action "would benefit from the additional claims asserted in the *Provost* Action, including under the Administrative Procedure and Mandamus Acts." Mot. at 15. While Plaintiffs appreciate the confidence of counsel for the *Provost* Plaintiffs (and wish them success), any such "benefit" would be far in the future, at best, and would require the *Provost* Plaintiffs to prevail on every aspect of their claims *and* obtain class relief on their claims.

[4] Almost in passing, the *Provost* Plaintiffs also assert that "[t]he risk of potential confusion to class members is great." Mot. at 15. But the "confusion" inquiry in the context of consolidation concerns *juror* confusion. *See, e.g., Greene v. 4520 Corp.*, No. 4:21-CV-00074, 2023 WL 3513306, at *2 (E.D.N.C. May 17, 2023) (denying consolidation: "Explaining the high-level differences between these two cases is one matter. Substantiating those differences at trial in a way that mitigates the risk of prejudice and jury confusion is another matter. Plaintiffs have not satisfied the court that the presentation of evidence may be conducted in a way that would effectively mitigate the risks that counsel against their request for consolidation."). And the Provosts—not the *Pride* Plaintiffs—chose to file a second class action seven months after this litigation was underway.

instances) where, as here, the later filed cases had additional claims from the earlier case. *See Wise v. Glickman*, 257 F. Supp. 2d 123, 133 (D.D.C. 2003) (Robertson, J.) ("[N]either is the Court willing to allow this case to advance on its merits while the *Love* class certification is being determined. Therefore, the motion for a stay [of the later filed case] will be granted, but plaintiffs have the option of seeking to bifurcate this case into two separate cases—one consisting of putative *Love* class members, and the other consisting of plaintiffs unaffected by [the earlier case] *Love.*"); *see also Morgan v. D.C.*, No. CV 08-172, 2009 WL 10719795, at *2 (D.D.C. Mar. 10, 2009) (Lamberth, J.) ("[T]he Court will deny defendant's motion to consolidate and will stay plaintiffs' overdetention claims and the related negligence and false imprisonment claims (i.e., the entirety of plaintiffs' First Amended Complaint) pending further proceedings in [the earlier filed case] *Barnes.*"); *Simmons v. D.C.*, No. CV 07-493, 2009 WL 10692727, at *1 (D.D.C. Mar. 10, 2009) (Lamberth, J.) ("Resolution of the *Barnes* Overdetention Class's claim may well resolve plaintiff's overdetention claim. Given the differences between plaintiff's claims as a whole and *Barnes*, the Court shall decline to consolidate the two cases.").

Likewise here, there is no basis for consolidation as a means to delay the earlier-filed and narrower *Pride* case.

## IV. Plaintiffs Are Entitled To Their Choice of Counsel And There is No Need To Appoint "Lead Counsel" For Both Actions

Finally, the Provosts suggest that the Court should determine, for some unstated end, whether their counsel should act as "lead counsel" for the Plaintiffs in the *Pride* litigation. This request is premature and unsubstantiated, as counsel for the Provosts make no attempt to meet any of the factors considered for such a request.[5] Should the issue ever become ripe, counsel for

---

[5] *See, e.g.*, *McFadden v. Nationstar Mortg. LLC*, No. CV 20-166, 2022 WL 18542489, at *1 (D.D.C. Mar. 31, 2022) ("Under Federal Rule of Civil Procedure 23(g)(3), the Court may 'designate interim counsel to act on behalf of a putative class before determining whether to

11

the *Pride* Plaintiffs stand ready to address those factors, including our experience, client relationships, and ongoing investment.

Since there are only two cases, there is no need for a single "lead counsel." *See, e.g.*, *Sajfr v. BBG Commc'ns, Inc.*, No. 10-CV-2341-H, 2011 WL 765884, at *3 (S.D. Cal. Feb. 25, 2011) ("[A] number of overlapping, duplicative, or competing suits are not present. In addition to the Evans and Safjr cases, only one other case has been filed against BBG Communications in this Court. . . . Accordingly, the Court denies Plaintiff's motion for appointment of interim class counsel without prejudice.").

Also for some unknown reason, counsel for the *Provost* Plaintiffs assert that the Court should unnecessarily address the issue of "lead counsel" based on the irrelevant and unsubstantiated assertion that "potential relief to the class risks being diminished by the fees incurred by the Pride Plaintiffs' counsel." Mot. at 14. The Provosts' own complaint seeks an award of "attorney's fees and costs to Plaintiffs under 42 U.S.C. § 1988, 15 U.S.C. § 1691e(d), and 28 U.S.C. §2412, and any other applicable statute or authority." *Provost* Complaint at 104 (Prayer for Relief). Nor do Provosts' counsel have any idea whether or how possible common-benefit fees, representation of opt-outs, statutory fee awards, or numerous other variables may ultimately impact the extent to which a certified class or class members pay attorneys' fees.

---

certify the action as a class action.' Fed. R. Civ. P. 23(g)(1). The same factors governing the appointment of class counsel apply when appointing interim class counsel."); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *1–2 (N.D. Ill. May 30, 2020) ("Courts have applied the same considerations as set out in Rule 23(g)(1)(A), which governs the appointment of class counsel once a class is certified, to the designation of interim class counsel before certification. . . . Rule 23(g)(2) directs courts to consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.").

While the Provosts are entitled to their choice of counsel, the Plaintiffs in ***this*** case are also entitled to ***their*** counsel. *See, e.g.*, *In re Warner Music Grp. Data Breach*, No. 20 CIV. 7473, 2021 WL 725728, at *2 (S.D.N.Y. Feb. 22, 2021) ("[Attorneys] Blatt and Martin have the clear advantage, as they were the first to file a complaint against Defendant."); *Moradi v. Adelson*, No. 11-CV-00490, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011) ("[A]s the Moradi Plaintiffs were the first to file suit it would be appropriate to assign Kendall Law Group as lead counsel.") (citing *Biondi v. Scrushy,* 820 A.2d 1148, 1159 (Del.Ch.2003) (noting that courts will consider which action was filed first for lead counsel purpose where "there is a need for an objective tie-breaker"); *see also generally Moehrl v. Nat'l Ass'n of Realtors*, No. 19-CV-01610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (appointing three firms as co-lead counsel for two class actions); *In re Crude Oil Commodity Futures Litig.*, No. 11 CIV. 3600, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) ("And the Court gives some weight to plaintiffs' 'self selection' of class counsel.") (citing *In re Rail Freight Fuel Surcharge Antitrust Litig.,* MDL No. 1869(PLF), 2008 WL 1883447, at *2 (D.D.C. Apr.28, 2008)).

Counsel for the Provosts certainly do not assert (nor could they) that counsel for the *Pride* Plaintiffs are unable to provide competent representation to Plaintiffs and the proposed class for ***their*** ECOA claim. For their part, the *Pride* Plaintiffs are committed to coordination with all parties to avoid duplicative discovery while ensuring fulsome development of the factual record. *See, e.g.*, *Does No. 1 v. Springboro Cmty. City Sch. Dist.*, No. 1:19-CV-785, 2022 WL 219368, at *3 (S.D. Ohio Jan. 25, 2022) (holding that "concerns about 'duplicative discovery,' [and] 'depositions for the same factual and legal issues," "are important, but complete consolidation is a tool too blunt to address them. To the Court's knowledge, the parties have not yet attempted to coordinate discovery on their own. They should. If the parties find there are

*specific* matters that the Court should resolve in both cases simultaneously, the Court may join those matters for hearing or trial."); *Leopold v. U.S. Dep't of Justice*, No. 21-CV-0558, 2021 WL 2073352, at *2 (D.D.C. May 24, 2021) ("[A]lthough all three cases are in their early stages, and would benefit from a coordinated approach, consolidation is not necessary to achieve efficiencies.").

In sum, while the *Provost* Plaintiffs have every right to pursue their own lawsuit, it is decidedly *not* in the interests of the *Pride* Plaintiffs to sit and wait upwards of a year – at least another growing season – while counsel for the *Provost* Plaintiffs attempt to catch up their own case and position themselves as lead counsel over both cases.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion for Consolidation in all respects.

Respectfully submitted,

Dated: September 10, 2024

*/s/ Shaunda Patterson-Strachan*
Shaunda Patterson-Strachan (DC # 459501)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: +1 202 230 5000
Fax: +1 202 842 8465
shaunda.pattersonstrachan@faegredrinker.com

Craig S. Coleman (MN # 0325491) (Pro Hac Vice)
Jonathan Dettmann (MN #0265032) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: +1 612 766 7000
Fax: +1 612 766 1600
craig.coleman@faegredrinker.com
jon.dettmann@faegredrinker.com

Colby Anne Kingsbury (IL #6272842) (Pro Hac Vice)

14

FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: +1 312 569 1000
Fax: +1 312 569 3000
colby.kingsbury@faegredrinker.com

Gregg W. Mackuse (PA # 54366) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: +1 215 988 2700
Fax: +1 215 988 2757
gregg.mackuse@faegredrinker.com

Emanuel McMiller (IN #35649-71) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: +1 317 237 0300
Fax: +1 317 237 1000
manny.mcmiller@faegredrinker.com

John Calvin Patterson (MS # 103140) (Pro Hac Vice)
Wesley D. Ehrhardt (MS # 103021) (Pro Hac Vice)
PATTERSON & EHRHARDT, PLLC
213 North Main St.
Como, MS 38619
Tel: +1 662 526 1992
Fax: +1 662 586 1556
jcp@pelaws.com
wde@pelaws.com

## CERTIFICATE OF SERVICE

I hereby certify that on  September 10, 2024, a true and correct copy of the foregoing was

electronically filed through the court's ECF system upon:

Faith Lowry
1100 L Street NW
Washington DC, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov

Sarah Suwanda
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-3196
Email: sarah.m.suwanda@usdoj.gov

*Attorneys for Defendants*

And by U.S. mail on:

Robin S. Crauthers
John B. Kenney
1700 K Street, NW
Washington, DC 20006
Telephone: (202) 973-8800
rcrauthers@wsgr.com
jkenney@wsgr.com

Ariel C. Green Anaba
Luis Li
Paul Watford
Mark Yohalem
Matthew Macdonald
953 East Third Street, Suite 100
Los Angeles, CA 90013
Telephone: (323) 210-2900
aanaba@wsgr.com
luis.li@wsgr.com
pwatford@wsgr.com
mark.yohalem@wsgr.com
matthew.macdonald@wsgr.com

Deno Himonas
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101-1560
Telephone: (801) 401-8520
dhimonas@wsgr.com

Luke Liss
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
lliss@wsgr.com

*Attorneys for Plaintiffs in Provost v. Vilsack*

Faith Lowry
1100 L Street NW
Washington DC, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov

Rebecca Michelle Kopplin
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division
1100 L St. NW
Washington, DC 20005
(202) 514-3953
Fax: (202) 616-8470
Email: rebecca.m.kopplin@usdoj.gov

*Attorneys for Defendants in Provost v. Vilsack*

                                        */s/ Shaunda Patterson-Strachan*
                                        Shaunda Patterson-Strachan