## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

LARRY PRIDE, et al.,

     *Plaintiffs*,

     v.

U.S. DEPARTMENT OF AGRICULTURE, et al.,

     *Defendants.*

No. 1:23-cv-02292-LLA

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' CLASS ACTION COMPLAINT

Defendants, by and through their attorneys, respond as follows to the allegations in Plaintiffs' Class Action Complaint, dated August 8, 2023 ("Complaint"). Defendants deny any and all allegations of wrongdoing and deny that Plaintiffs are entitled to any relief. To the extent the Complaint's headings, subheadings, footnotes, or table of contents contain factual allegations, they are denied. Defendants further answer as follows:

## INTRODUCTION

1.    Paragraph 1 consists of characterizations of this action and legal conclusions to which no response is required. Additionally, the first sentence of this paragraph characterizes Plaintiffs' purpose in filing this Complaint to which no response is required. To the extent a response is required, Paragraph 1 is denied.

2.    Paragraph 2 characterizes Plaintiffs' purpose in filing this Complaint to which no response is required. To the extent a response is required, Paragraph 2 is denied.

3.    Defendants admit that the United States Department of Agriculture ("USDA") farm lending programs are part of the agricultural economy. Defendants admit that funds obtained

through USDA farm lending programs are used in agricultural operations. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3, and therefore, deny them.

4.     Paragraph 4 is denied.

5.     Paragraph 5 is denied.

6.     The first sentence of Paragraph 6 sets forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent a response is required, the first sentence of Paragraph 6 is denied. As to the remaining allegations, no response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program. *See* Order, ECF No. 41.

7.     The first sentence of Paragraph 7 sets forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent a response is required, the first sentence of Paragraph 7 is denied. The remaining allegations of Paragraph 7 are denied.

8.     Paragraph 8 sets forth Plaintiffs' characterizations and opinions, including characterizations of publicly available materials, to which no response is required. To the extent a response is required, Paragraph 8 is denied.

9.     Paragraph 9 is denied, and Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.

## JURISDICTION

10.     Paragraph 10 consists of legal conclusions to which no response is required. To the extent a response is required, Paragraph 10 is denied.

## VENUE

11.     Paragraph 11 consists of legal conclusions to which no response is required. To the extent a response is required, Paragraph 11 is denied.

**PARTIES**

12.     Defendants admit that Plaintiff Larry Pride has self-identified to USDA as a farmer in the State of Mississippi.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first and second sentences of Paragraph 12, and therefore, deny them.  The last sentence of Paragraph 12 is denied.

13.     Defendants admit that Plaintiff Marvin Roddy has self-identified to USDA as a farmer in the State of Mississippi.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first through third sentences of Paragraph 13, and therefore, deny them.  The last sentence of Paragraph 13 is denied.

14.     Defendants admit that Plaintiff Victor Lee has self-identified to USDA as a farmer in the State of Arkansas.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first through third sentences of Paragraph 14, and therefore, deny them.  The last sentence of Paragraph 14 is denied.

15.     Defendants admit that Plaintiff Chris Anderson has self-identified to USDA as a farmer in the State of Arkansas.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first and second sentences of Paragraph 15, and therefore, deny them.  The last sentence of Paragraph 15 is denied.

16.     Defendants admit that Plaintiff Gary Harris has self-identified to USDA as a farmer in the State of Arkansas.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first and second sentences of Paragraph 16, and therefore, deny them.  The last sentence of Paragraph 16 is denied.

17.     Defendants admit that USDA is a federal agency headquartered in Washington, D.C., and part of the executive branch.  USDA, in part, provides leadership on food, agriculture,

natural resources, rural development, nutrition, and related issues.  Defendants deny that USDA has exclusive responsibility for developing and executing federal policy on farming, agriculture, and food, but admits significant participation in such policy areas.  The remaining allegations in Paragraph 17 consist of legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 17 are denied.

18.    Defendants admit that the Farm Service Agency ("FSA") is an agency within USDA.  FSA's responsibilities are organized into five areas: Farm Programs, Farm Loans, Commodity Operations, Management, and State Operations.  FSA continues to provide America's farmers with a strong safety net through the administration of farm commodity programs.  FSA also implements ad hoc disaster programs.  FSA admits that it regularly conducts business in this District, and through local offices throughout the United States.  The remaining allegations in Paragraph 18 consist of legal conclusions, to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 18 are denied.

19.    Defendants admit that Thomas J. Vilsack is the current Secretary of the Department of Agriculture and is named in his official capacity in the Complaint.  The remaining allegations in Paragraph 19 consist of legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 19 are denied.

20.    Defendants admit that Zach Ducheneaux is the current Administrator of FSA and is named in his official capacity in the Complaint.  The remaining allegations in Paragraph 20 consist of legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 20 are denied.

## FACTUAL ALLEGATIONS

**A.      The USDA's Direct Loan Program**

21.      Defendants admit Paragraph 21 with clarification: in 1994, FSA was established as the Consolidated Farm Service Agency, then, in or around November 1995, was renamed as the Farm Service Agency.

22.      Defendants admit the first sentence of Paragraph 22.  The remaining allegations in Paragraph 22 consist of characterizations of the Consolidated Farm and Rural Development Act ("CONACT") and consist of legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 22 are denied.

23.      Defendants admit that FSA administers direct and guaranteed loan programs.  The remaining allegations in Paragraph 23 consist of characterizations of Plaintiffs' claims and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 23.

24.      Defendants admit that FSA provides three principal types of direct loans: Farm Ownership, Operating Loans, and Emergency Loans.  Defendants further admit that Farm Ownership Loans can used to purchase or expand a farm or ranch.  Defendants further admit that Farm Ownership Loans can, in part, help with paying closing costs, constructing or improving buildings on the farm, or help conserve and protect soil and water resources.  Footnote 10 of Paragraph 24 includes references to the United States Code that are not related specifically to direct FSA Farm Ownership Loans, and therefore, Defendants deny the remaining allegations in Paragraph 24.

25.      Defendants admit that USDA provides operating loans and clarify that Paragraph 25 does not contain an exhaustive list of applicable uses for an FSA Operating Loan.

26.     Defendants admit that USDA provides emergency loans and clarify that Paragraph 26 does not contain an exhaustive list of applicable uses for an FSA Emergency Loan.

27.     Paragraph 27 consists of characterizations of statutes and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 27 is denied.

28.     Defendants object to any characterization made by Plaintiffs as to "stated objectives of the USDA loan program."  As to the remaining allegations, Paragraph 28 appears to quote portions of an outdated regulation that no longer applies and thus no response is required.  To the extent a response is required, Paragraph 28 is denied.

29.     Paragraph 29 consists of Plaintiffs' characterizations of statutes and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 29 is denied.

30.     Paragraph 30 is denied.

**B.     The USDA's Longstanding History of Discrimination**

31.     Paragraph 31 is denied.

32.     Defendants admit that in 1965, the United States Commission on Civil Rights issued a report entitled "Equal Opportunity in Farm Programs: An Appraisal of Services Rendered by Agencies of the United States Department of Agriculture."  The remaining allegations contained in Paragraph 32 purport to describe statements contained within a document and therefore no response is required.  To the extent a response is required, Defendants respond that the document speaks for itself and otherwise deny any allegation that goes beyond the document.

33.     Defendants admit that in 1965, the United States Commission on Civil Rights issued a report entitled "Equal Opportunity in Farm Programs: An Appraisal of Services Rendered

by Agencies of the United States Department of Agriculture." The allegations contained in Paragraph 33 purport to describe statements contained within a document and therefore no response is required. To the extent a response is required, Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

34.    Defendants admit that in 1981, USDA Secretary Bob Bergland issued a commissioned report entitled "A Time to Choose: Summary Report on the Structure of Agriculture." The allegations contained in Paragraph 34 purport to describe statements contained within the document and therefore no response is required. To the extent a response is required, Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

35.    Defendants admit that in February 1982, the United States Commission on Civil Rights issued a report entitled "The Decline of Black Farming in America." The allegations contained in Paragraph 35 purport to describe statements contained within the document and therefore no response is required. To the extent a response is required, Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

36.    Defendants admit that in February 1982, the United States Commission on Civil Rights issued a report entitled "The Decline of Black Farming in America." The allegations contained in Paragraph 36 purport to describe statements contained within the document and therefore no response is required. To the extent a response is required, Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

37.    Defendants admit that in February 1982, the United States Commission on Civil Rights issued a report entitled "The Decline of Black Farming in America." The allegations contained in Paragraph 37 purport to describe statements contained within the document and

therefore no response is required.  To the extent a response is required, Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

38.    Defendants admit that in July 1986, USDA issued Rural Development Research Report No. 59, "Black Farmers and Their Farms," by Vera J. Banks of the Agriculture and Rural Economics Division, Economic Research Service.  The allegations contained in Paragraph 38 purport to describe statements contained within the document and therefore no response is required.  To the extent a response is required, the Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

39.    Defendants admit that in February 1997, USDA's Civil Rights Action Team issued a report entitled "Civil Rights at the United States Department of Agriculture."  The allegations contained in Paragraph 39 purport to describe statements contained within the document and therefore no response is required.  To the extent a response is required, Defendants respond that the document speaks for itself and deny any allegation that goes beyond the document.

40.    Defendants admit that in February 1997, USDA's Office of the Inspector General issued "Report for the Secretary on Civil Rights Issues Phase I."  Defendants further admit that USDA's Office of the Inspector General issued a report entitled "Minority Participation in Farm Service Agency's Farm Loan Programs Phase II, Report No. 50801-3-Hq."  Defendants deny the allegation that the Phase II report was issued in November 2005, as it was issued on September 29, 1997.  The remaining allegations contained in Paragraph 40 purport to describe statements contained within the documents and therefore no response is required.  To the extent a response is required, Defendants respond that the documents speak for themselves and deny any allegation that goes beyond the documents.

41.    Defendants admit that on or about August 28, 1997, three Black American farmers

filed a class action against USDA and refer the Court to the filing of that complaint for a complete and accurate statement of its contents. *See Pigford v. Glickman*, No. 97-cv-01978 (D.D.C.), ECF No. 1. Defendants further admit that the United States District Court for the District of Columbia certified a class in *Pigford v. Glickman*, on October 9, 1998. Defendants admit the third sentence of Paragraph 41. Defendants deny all remaining allegations in Paragraph 41.

42.    Paragraph 42 consists of characterizations of a USDA OIG Report entitled "Minority Participation in Farm Service Agency's Farm Loan Programs, Report No. 03601-11-AT," which was issued on November 2005, and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph is 42 denied.

43.    Paragraph 43 consists of characterizations of a USDA OIG Report entitled "Minority Participation in Farm Service Agency's Farm Loan Programs, Report No. 03601-11-AT" and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 43 is denied.

44.    Paragraph 44 consists of characterizations of a May 14, 2008, United States Government Accountability Office report and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 44 is denied.

45.    Paragraph 45 is denied as stated. Defendants respectfully refer the Court to the dockets in *Pigford I* and *Pigford II*, and the referenced Congressional Research Service materials for a complete and accurate statement of their contents.

46.    Defendants admit that Lloyd Wright served as an advisor to Secretary of Agriculture Tom Vilsack in 2010. Defendants further admit that Secretary Vilsack served during the administrations of Presidents Obama and Biden. The remaining allegations contained in Paragraph 46 consist of characterizations of a November 5, 2010, Informational Memorandum for

the Deputy Chief of Staff entitled "Proposed Resolution to Adjust the Recorded Yields of Black Farmers in Clarendon County" and provides legal conclusions to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 46 are denied.

47.    Paragraph 47 consists of characterizations of a report issued by Jackson Lewis LLP and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 47 is denied.

48.    Paragraph 48 consists of characterizations of a Report to Congressional Committees, GAO-19-539, entitled "Agricultural Lending Information on Credit and Outreach to Socially Disadvantaged Farmers and Ranchers Is Limited" and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 48 is denied.

49.    Paragraph 49 consists of characterizations of the Statement for the Record to the Subcommittee on Oversight and Investigations, Committee on Financial Services, House of Representatives, GAO-21-399T Financial Services, Fair Lending, Access, and Retirement Security, and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 49 is denied.

50.    The first sentence of Paragraph 50 is denied. The remaining sentences of Paragraph 50 consist of characterizations of an OIG September 2021 Audit Report, 60601-0001-21, entitled "USDA Oversight of Civil Rights Complaints" and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 50 is denied.

51.    Paragraph 51 consists of characterizations of an Issue Brief from the Harvard Law School Food and Law Policy Clinic, entitled "Supporting Civil Rights at USDA: Opportunities to Reform the USDA Office of the Assistant Secretary of Civil Rights (April 2021)" and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph

51 is denied.

**C.    The USDA's Recent Admissions of Discrimination**

52.    Defendants deny the first sentence in Paragraph 52.  Defendants further deny the second and third sentences of this paragraph to the extent they imply that the guidance or definitions issued by the U.S. Equal Employment Opportunity Commission ("EEOC") apply to the administration of farm lending programs or other federal programs, as the EEOC is responsible for enforcing federal laws that make it illegal to discriminate against a job applicant or an employee because of the person's race, color, religion, sex (including pregnancy, childbirth, or related conditions, gender identity, and sexual orientation), national origin, age (40 or older), disability, or genetic information.

53.    Paragraph 53 consists of characterizations of a March 25, 2021 Opening Statement of Thomas J. Vilsack Before the House Committee on Agriculture – Remarks as Prepared. Defendants refer the Court to the cited material for a complete and accurate statement of its contents.

54.    Paragraph 54 consists of characterizations of a March 25, 2021 Opening Statement of Thomas J. Vilsack Before the House Committee on Agriculture – Remarks as Prepared. Defendants refer the Court to the cited material for a complete and accurate statement of its contents.

55.    Defendants admit that Zach Ducheneaux served as the FSA Administrator in March 2021.  The remaining allegations contained in Paragraph 55 consist of characterizations of a March 26, 2021 online post by Administrator Ducheneaux entitled "American Rescue Plan Socially Disadvantaged Farmer Debt Payments."  Defendants refer the Court to the cited material for a complete and accurate statement of its contents.

56.     Defendants admit that the American Rescue Plan Act of 2021 ("ARPA") was signed into law by President Biden on March 11, 2021.  Defendants refer the Court to the referenced statute and the cited regulations for a complete and accurate statement of their contents.

57.     Defendants admit that on April 26, 2021, Sid Miller filed a putative class action complaint in the U.S. District Court for the Northern District of Texas (Fort Worth) on April 26, 2021.  Defendants refer the Court to the docket in *Miller v. Vilsack*, No. 21-cv-00595 (N.D. Tex.), ECF No. 1, for a complete and accurate statement of the filings in that case.

58.     Defendants admit that Scott Wynn filed a complaint in the U.S. District Court for the Middle District of Florida on May 18, 2021.  Defendants refer the Court to the docket in *Wynn v. Vilsack*, No. 21-cv-00514 (M.D. Fla.), ECF No. 1, for a complete and accurate statement of the filings in that case.

59.     Paragraph 59 consists of characterizations and quotations of a June 4, 2021 opposition to a Motion for Preliminary Injunction in *Wynn v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 59 is denied.

60.     Paragraph 60 consists of characterizations and quotations of a June 4, 2021 opposition to a Motion for Preliminary Injunction in *Wynn v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 60 is denied.

61.     Paragraph 61 consists of characterizations and quotations of a July 11, 2021 opposition to a Motion for Preliminary Injunction in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 61 is denied.

62.     Defendants admit Paragraph 62.

63.     Paragraph 63 consists of characterizations and quotations of a March 11, 2022 Motion for Summary Judgment in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 63 is denied.

64.     Paragraph 64 consists of characterizations and quotations of a March 11, 2022 Motion for Summary Judgment in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 64 is denied.

65.     Paragraph 65 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 65 is denied.

66.     Paragraph 66 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 66 is denied.

67.     Paragraph 67 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 67 is denied.

68.     Paragraph 68 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 68 is denied.

69.     Paragraph 69 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and legal conclusions to which no response is required.  To the extent a response is required, Paragraph 69 is denied.

70.     Paragraph 70 consists of characterizations of a March 11, 2022 Motion for

Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 70 is denied.

71.    Paragraph 71 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 71 is denied.

72.    Paragraph 72 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 72 is denied.

73.    Paragraph 73 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 73 is denied.

74.    Paragraph 74 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 74 is denied.

75.    Defendants admit Paragraph 75.

76.    Defendants deny that a federal program exists called the "Discrimination Farmer Assistance Program."  Defendants admit that Section 22007(e) of the Inflation Reduction Act authorized the Discrimination Financial Assistance Program ("DFAP").  Paragraph 76 consists of characterizations of Section 22007(e) of the Inflation Reduction Act and DFAP and provides legal conclusions to which no response is required.  Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.  Defendants admit that DFAP applications were accepted from July 7, 2023, to January 17, 2024.  Defendants further admit that the DFAP application contained ten sections or steps.  DFAP applicants were informed that they must provide

specific evidence that they experienced discrimination by USDA in USDA farm lending before January 1, 2021.  Defendants deny all remaining allegations in Paragraph 76.

77.     Defendants admit that Section 22007(e) of the Inflation Reduction Act authorizes eligible farmers, ranchers, and landowners to receive financial assistance based on the consequences of the discrimination experienced in USDA farm lending programs, subject to the terms of the program.   The remaining allegations in Paragraph 77 consist of Plaintiffs' characterizations and provides legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 77 are denied.

**D.     Evidence of the USDA's Recent Ongoing Discrimination**

78.     Paragraph 78 consists of Plaintiffs' characterizations and provides legal conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 78 are denied.

79.     Paragraph 79 consists of characterizations and quotations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 79 is denied.

80.     The first and second sentences of Paragraph 80 are denied.  Defendants admit that on April 14, 2022, USDA released its Equity Action Plan in Support of Executive Order ("EO") 13985, "Advancing Racial Equity and Support for Underserved Communities through the Federal Government," to the public.  The remaining allegations contained in Paragraph 80 consist of Plaintiffs' characterizations and provides legal conclusions to which no response is required.  To the extent a response is required, the remaining allegations in Paragraph 80 are denied.

81.     Paragraph 81 consists of Plaintiffs' characterizations and provides legal

conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 81 are denied.

82.     Paragraph 82 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 82 is denied.

83.     Paragraph 83 consists of Plaintiffs' characterizations and conclusions relating to undisclosed data to which no response is required. To the extent a response is required, the allegations in Paragraph 83 are denied.

84.     The first sentence of Paragraph 84 is denied. As to the second sentence, Defendants admit that the percentage of loan applications by Black farmers increased between 2019 and 2022, although the increases were relatively modest. The third sentence of Paragraph 84 is denied.

85.     Paragraph 85 consists of Plaintiffs' characterizations and provides conclusions relating to undisclosed data to which no response is required. To the extent a response is required, the allegations in Paragraph 85 are denied.

86.     Paragraph 86 consists of Plaintiffs' characterizations and provides conclusions relating to undisclosed data to which no response is required. To the extent a response is required, the allegations in Paragraph 86 are denied.

87.     Defendants admit that "Unacceptable credit history - pattern of bad credit within applicant's control" may be a basis for the denial of direct loan applications. USDA denies Plaintiffs' characterization of this as the "primary and consistent" basis for loan denials. The remaining allegations contained in Paragraph 87 set forth Plaintiffs' characterizations and opinions, to which no response is required. To the extent a response is required, the remaining allegations of Paragraph 87 are denied.

88.     Paragraph 88 consists of Plaintiffs' characterizations and provides conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 88 are denied.

89.     Paragraph 89 consists of Plaintiffs' characterizations and provides conclusions to which no response is required.  To the extent a response is required, the allegations in Paragraph 89 are denied.

**E.    The USDA's Market Facilitation Program ("MFP")**

90.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

91.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

92.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

93.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

94.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

95.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

96.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

97.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

98.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

99.     No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

100.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

101.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

102.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

103.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

104.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

**F.    Plaintiffs' Experiences Further Confirm Ongoing, Systemic Discrimination**

105.    Paragraph 105 is denied.

106.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 106.  The remaining sentences in Paragraph 106 are denied.

107.    Defendants' response is not required as to the allegation that Plaintiff Roddy's application was denied "10 years ago," as the Court dismissed that claim as untimely.  *See* ECF No. 41 at 11 n.3.  Defendants' response is not required as to Plaintiff Roddy's allegation that his 2020 loan application was denied, as the Court dismissed that claim for failure to state a claim.

*See id.* at 13–14.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107, and therefore, deny them.

108.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and seventh sentences of Paragraph 108.  The second through sixth sentences of Paragraph 108 are denied.  The last sentence in this paragraph consists of characterizations and legal conclusions to which no response is required.  To the extent a response is required, the last sentence in Paragraph 108 is denied.  The remaining allegations in Paragraph 108 are denied.

109.    The first sentence of Paragraph 109 is denied.  Defendants deny that Plaintiff Anderson applied for a loan in 2019.  Defendants deny the remaining allegations that purport to characterize Plaintiff Anderson's interactions with FSA during the alleged loan application process.  Defendants admit the fourth sentence of this paragraph.  Defendants deny the remaining allegations in Paragraph 109.

110.    The first through fifth sentences of Paragraph 110 are denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence of this paragraph, and therefore, deny them.

111.    Paragraph 111 is denied.

112.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

**CLASS ALLEGATIONS**

113.    This first sentence of Paragraph 113 consists of characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of this paragraph.  The remaining allegations in Paragraph

113 attempt to characterize and quote portions of a publicly available article to which no response is required. To the extent a response is required, the remaining allegations in Paragraph 113 are denied.

114.    Paragraph 114 consists of characterizations and quotations from a July 11, 2021 opposition to a Motion for Preliminary Injunction in *Miller v. Vilsack* and provides legal conclusions to which no response is required. To the extent a response is required, Paragraph 114 is denied.

115.    Paragraph 115 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required. To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case. Defendants deny all remaining allegations in Paragraph 115.

116.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program. *See* Order, ECF No. 41.

117.    Paragraph 117 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required. To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case. Defendants deny all remaining allegations in Paragraph 117.

118.    Paragraph 118 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required. To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case. Defendants deny all remaining allegations in

Paragraph 118.

119.    Paragraph 119 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 119.

120.    Paragraph 120 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 120.

121.    Paragraph 121 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 121.

122.    Paragraph 122 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 122.

123.    Paragraph 123 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required,

Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case. Defendants deny all remaining allegations in Paragraph 123.

124. Paragraph 124 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required. To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case. Defendants deny all remaining allegations in Paragraph 124.

125. Paragraph 125 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required. To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case. Defendants deny all remaining allegations in Paragraph 125.

## COUNT I – VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

126. Defendants incorporate by reference all the above paragraphs of this Answer as though fully stated herein.

127. Paragraph 127 consists of characterizations of the Equal Credit Opportunity Act ("ECOA") and provides legal conclusions to which no response is required. Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

128. Paragraph 128 consists of characterizations of the ECOA and provides legal conclusions to which no response is required. Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

129. Paragraph 129 consists of characterizations of the ECOA and provides legal

conclusions to which no response is required.  Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

130.    Paragraph 130 consists of characterizations of the ECOA and provides legal conclusions to which no response is required.  Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

131.    Paragraph 131 consists of characterizations of the ECOA and provides legal conclusions to which no response is required.  Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

132.    Paragraph 132 consists of characterizations of the ECOA and provides legal conclusions to which no response is required.  Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

133.    Paragraph 133 consists of characterizations of the ECOA and provides legal conclusions to which no response is required.  Defendants respectfully refer the Court to the referenced statute for a full statement of its contents.

134.    Paragraph 134 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 134.

135.    Paragraph 135 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in

Paragraph 135.

136.    Paragraph 136 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 136.

137.    Paragraph 137 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 137.

138.    Paragraph 138 consists of characterizations of a March 11, 2022 Motion for Summary Judgment and attachments thereto in *Miller v. Vilsack* and provides legal conclusions to which no response is required.  To the extent a response is required, Paragraph 138 is denied.

139.    Paragraph 139 consists of Plaintiffs' legal conclusions articulating the alleged legal bases for the suit to which a response is not required.  To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.  Defendants deny all remaining allegations in Paragraph 139.

140.    Paragraph 140 contains Plaintiffs' characterizations of their own claims to which no response is required.  Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.

**COUNT II – EQUAL PROTECTION VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION**

141.    Defendants incorporate by reference all the above paragraphs of this Answer as though fully stated herein.

142.    Paragraph 142 consists of characterizations of this action and legal conclusions to which no response is required.  To the extent a response is required, Paragraph 142 is denied.

143.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

144.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

145.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

146.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

147.    No response is required as the Court has dismissed Plaintiffs' claims relating to the Market Facilitation Program.  *See* Order, ECF No. 41.

### COUNT III – DECLARATORY JUDGMENT

148.    Defendants incorporate by reference all the above paragraphs of this Answer as though fully stated herein.

149.    Paragraph 149 consists of characterizations of this action and legal conclusions to which no response is required.  To the extent a response is required, Paragraph 149 is denied.

150.    Paragraph 150 consists of characterizations of this action and legal conclusions to which no response is required.  To the extent a response is required, Paragraph 150 is denied. Defendants further deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.

## PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief, including each of its subparts, consists of Plaintiffs' characterization of the relief sought in this suit, to which no response is required. To the extent a response is required, Defendants deny that the allegations in the Complaint support a viable cause of action or that Plaintiffs are entitled to any relief in this case.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The claims in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations and repose, waiver, estoppel, and laches.

3.    Plaintiffs are barred in whole or in part from recovery because the same decisions Plaintiffs complain of would have been made regardless of whether race was a factor in the decisions.

4.    The claims in the Complaint are barred, in whole or in part, by Plaintiffs' failure to mitigate damages, if any.

5.    The claims in the Complaint are barred, in whole or in part, because Plaintiffs lack standing, statutory standing, and/or injury in fact.

6.    Plaintiffs' claims are barred to the extent that Plaintiffs failed to exhaust their administrative remedies.

7.    Defendants affirmatively plead and rely upon all defenses and affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure or in the statutes under which Plaintiffs have brought suit, that are or may hereafter become applicable to the claims made herein, and expressly reserves any and all other defenses, including affirmative defenses which may become apparent during the course of discovery.

8.      Defendants reserve the right to supplement this Answer with additional defenses that become available or apparent during the course of investigation, preparation, or discovery and to amend the Answer accordingly.


Dated: September 25, 2024                    Respectfully submitted,

                                             BRIAN M. BOYNTON
                                             Principal Deputy Assistant Attorney General

                                             LESLEY FARBY
                                             Assistant Branch Director

                                             */s/ Faith E. Lowry*
                                             Faith E. Lowry (TX Bar No. 24099560)
                                             Sarah M. Suwanda (DC Bar No. 1685531)
                                             Trial Attorneys
                                             U.S. Department of Justice
                                             Civil Division, Federal Programs Branch
                                             1100 L Street N.W.
                                             Washington, DC 20005
                                             Tel.: (202)-305-3196
                                             E-mail: sarah.m.suwanda@usdoj.gov

                                             *Counsel for Defendants*