UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LARRY PRIDE, et al.,<br><br>    *Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, et al.,<br><br>    *Defendants*. | No. 1:23-cv-02292-LLA |

**JOINT REPORT UNDER LCvR 16.3(d) and FRCP 26(f)(2)**

Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), the parties jointly submit this report outlining their discovery plan and stating their positions on the topics set forth in Local Civil Rule 16.3(c) and Federal Rule of Civil Procedure 26(f)(3).

The parties have consulted on several occasions but have not been able to reach consensus on many of the issues contained in this Report.[1] Accordingly, the parties respectfully request a conference with the Court, pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.1(a), to further discuss these matters and to provide additional context for their positions.

    **I.**    **Statement of the Case & Jurisdiction**

***Plaintiffs' Statement.*** On August 8, 2023, Plaintiffs filed their putative class action complaint, alleging that the U.S. Department of Agriculture ("USDA"), the Farm Service Agency ("FSA"), Thomas Vilsack, in his official capacity as the Secretary of the USDA, and Zach Ducheneaux, in his official capacity as the Administrator of the FSA (collectively, "Defendants"), discriminated against Black farmers in relation to the USDA's direct loan program. Plaintiffs

---

[1] Specifically, counsel for the parties convened on September 16, October 1, and October 17.

1

Error! Unknown document property name.

brought a claim for violation of the Equal Credit Opportunity Act ("ECOA") and sought both damages and declaratory and injunctive relief regarding the USDA's systemic discrimination against Black farmers. Plaintiffs also brought a claim for violation of the Due Process Clause of the Fifth Amendment with respect to the USDA's allocation of the Market Facilitation Program. This Court has jurisdiction over this case pursuant to 15 U.S.C. § 1691e(f), 28 U.S.C. § 1331, 28 U.S.C. § 1361, and 28 U.S.C. §§ 2201-2202.

On November 27, 2023, the Defendants filed a Motion to Dismiss (ECF 31), which on August 23, 2024, the Court granted in part and denied in part. *See* August 23, 2024 Memorandum Opinion and Order (ECF 41) ("August 23, 2024 Order"). Specifically, the Court dismissed Plaintiffs' claim with respect to the Market Facilitation Program on mootness grounds. However, with a limited exception for Plaintiff Marvin Roddy, the Court denied the Defendants' Motion to Dismiss regarding Plaintiffs' ECOA claims.

In this putative class action, Plaintiffs assert that (1) the USDA employed racially discriminatory practices in administering its direct loan program; (2) these practices continue a long and well-documented history of racial discrimination in the USDA's direct loan program; and (3) Plaintiffs and the putative class members are entitled to declaratory, injunctive, and monetary relief. Plaintiffs assert claims of both disparate treatment and disparate impact. Given the systemic nature and broad scope of the discriminatory conduct at issue here, Plaintiffs' claims are appropriate for class-wide resolution.

By the parties' agreement, the Court stayed the 90-day deadline in LCvR 23.1(b) for filing class-certification motions. *See* Minute Order dated October 11, 2023 (CKK). Because fact discovery will be needed in advance of class-certification motions, because the parties are not likely to agree on the scope of class-certification discovery, and because that same discovery is

**Error! Unknown document property name.**

closely intertwined with merits discovery, Plaintiffs propose a single discovery period, followed by briefing on class certification and then on summary judgment. Defendants' proposal to provide roughly only 90 days (until February 7, 2025) for timely production of all class-certification discovery critical to the Rule 23 inquiry, briefing and judicial resolution of any discovery issues on the scope of that discovery, and preparation and filing of expert reports and class-certification motions, is unworkable, prejudicial, and does not serve the interests of judicial economy and efficiency. Plaintiffs propose a single, streamlined discovery period so that all discovery is done once, within a year, saving the parties and the Court both time and resources.

***Defendants' Statement.*** Plaintiffs commenced this action on August 8, 2023, and Defendants filed a motion to dismiss and to strike class allegations pursuant to a schedule negotiated between the parties. *See* Mot. for Ext. Time, ECF No. 30; Defs.' Mot. Dismiss, ECF No. 31. In conjunction with the parties' briefing schedule, Plaintiffs asked the Court to set an initial scheduling conference, but pursuant to local rule, the Court declined to hold the initial scheduling conference pending resolution of Defendants' motion to dismiss. Minute Order, October 11, 2023. Plaintiffs' deadline to move for class certification pursuant to Local Rule 23.1—within 90 days after the filing of the complaint—was also stayed pending further order of the Court. *Id.*

On August 23, 2024, the Court granted in part and denied in part Defendants' motion to dismiss. Order, ECF No. 41. Specifically, the Court granted Defendants' motion with respect to Plaintiffs' Market Facilitation Program ("MFP") claims and two of Plaintiff Marvin Roddy's claims related to alleged USDA loan denials in 2010 and 2020. The Court otherwise allowed Plaintiffs to proceed with their remaining Equal Credit Opportunity Act ("ECOA") claims. Defendants filed their answer on September 25, 2024. *See* Ans., ECF No. 47.

**Error! Unknown document property name.**

Defendants deny that (1) the named Plaintiffs suffered intentional discrimination through USDA's administration of direct loan programs, (2) USDA engaged in or continues to engage in a pattern or practice of discrimination in its direct loan programs during the statute of limitations period, or (3) Plaintiffs can establish a disparate impact claim. Lastly, even if Plaintiffs could establish a claim for discrimination—which Defendants deny—such claims are inappropriate for class-wide resolution under Federal Rule of Civil Procedure 23. *See*, *e.g.*, Defs.' Mot. Dismiss, at 23–25, ECF No. 31-1.

As set forth in the report and proposal below, Defendants request that the parties refrain from commencing discovery until the Court resolves the pending motion to consolidate the *Pride* and *Provost* cases. *See infra* Section II(1). To the extent the Court denies the *Provost* plaintiffs' motion to consolidate, Defendants request that the stay on Plaintiffs' deadline to file a motion for class certification be lifted and a deadline to move for class certification be set for February 7, 2025, allowing time for tailored discovery related to the class certification issues, if necessary. *See* Fed. R. Civ. P. 23(c)(1)(a) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."); Local Rule 23.1(b) ("Within 90 days after the filing of a complaint in a case sought to be maintained as a class action, unless the Court in the exercise of its discretion has extended this period, the plaintiff shall move for a certification under Fed. R. Civ. P. 23(c)(1), that the case may be so maintained.").

## II.    Matters Discussed by the Parties Pursuant to LCvR 16.3(c)

**(1)    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

*Plaintiffs' Statement.* Plaintiffs have partially prevailed on Defendants' motion to dismiss, and accordingly, Plaintiffs do not believe that the case is likely to be disposed

Error! Unknown document property name.

of by dispositive motion. Because the Court has already ruled on the motion to dismiss, there is no need to delay discovery or to await further decisions.

In response to Defendants' contingent request for a stay as described below, Plaintiffs strongly oppose any motion or request to stay this case based on *Provost v. USDA*, No. 1:24-920 (D.D.C.). The present action was filed nearly eight months before *Provost*, and a motion to dismiss was just filed in that case yesterday and involves issues not present in this action. *See, e.g.,* Defendants' Objection to Notice of Related Case, ECF No. 40 (arguing that the cases are not related). As further described in Plaintiffs' Opposition to the *Provost* Motion to Consolidate, ECF No. 45, such a stay would be highly prejudicial to the Plaintiffs in this action, who have waited well over a year to initiate discovery.

***Defendants' Statement.*** Defendants anticipate that the case may be disposed of under Federal Rule of Civil Procedure 56 (and/or the resolution of Plaintiffs' anticipated motion for class certification).

Although there is no dispositive motion pending in this matter, plaintiffs in another putative class action, *Provost v. USDA*, No. 1:24-920 (D.D.C.), have filed with this Court a motion to consolidate the *Provost* and *Pride* cases, *see* ECF No. 42, over opposition by all parties in *Pride*, *see* ECF Nos. 44 and 45, and notwithstanding an agreed briefing schedule on Defendants' anticipated motion to dismiss the *Provost* amended complaint, *Provost v. USDA*, No. 1:24-920 (D.D.C.), ECF No. 30 (due November 7, 2024).  In the event that the Court grants the *Provost* plaintiffs' motion and consolidates these matters, Defendants request that *Pride* be stayed pending the resolution of the forthcoming *Provost* motion to dismiss—as consolidation of the cases would likely shape the breadth and scope of discovery between and among the two cases moving forward.

**(2)** **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

***Parties' Statement.*** The parties propose that the deadline to amend pleadings and add parties be established after the Court's ruling on class certification.

***Plaintiffs' Statement.*** At this stage in the case, Plaintiffs are not aware of any factual or legal issues that can be agreed upon or narrowed. Plaintiffs believe that post-discovery summary judgment motions, if any, provide the next realistic opportunity to narrow the issues.

***Defendants' Statement.*** Defendants believe that class certification provides the next realistic opportunity to narrow the issues.

**(3)** **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

***Parties' Statement.*** The parties do not agree to consent to assigning the case to a magistrate judge.  However, as discussed below ((II)(5)), at the appropriate time, the

5

parties may be interested in potentially mediating the case before a magistrate judge of this Court.

**(4)    Whether there is a realistic possibility of settling the case.**

*Parties' Statement.* The parties have not yet engaged in settlement discussions. The parties believe that settlement discussions are unlikely to be productive at this time.

**(5)    Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:**
  **(i)    The client's goals in bringing or defending the litigation;**
  **(ii)   Whether settlement talks have already occurred and, if so, why they did not produce an agreement;**
  **(iii)  The point during the litigation when ADR would be most appropriate, with special consideration given to:**
      **(aa)  Whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**
      **(bb)  Whether ADR should take place before or after the judicial resolution of key legal issues;**
  **(iv)   Whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**
  **(v)    Whether cost savings or any other practical advantages would flow from a stay of discovery or other pre-trial proceedings while an ADR process is pending.**

*Parties' Statement.* The parties have discussed the potential for ADR. The parties have agreed to notify the Court if settlement discussions occur and progress to the point where they believe ADR would be beneficial.

**(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

*Parties' Statement.* *See* the parties' respective statements in Section II(1) above. As reflected therein, the parties disagree in principle about whether this case may ultimately be resolved by summary judgment.

**(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

6

*Parties' Statement.* The parties have agreed to exchange initial disclosures without any changes to scope or form. As shown in the parties' respective attached Proposed Scheduling Orders, the parties request that the Court set a deadline of November 25, 2024, for this exchange.

*Defendants' Statement.* Defendants intend to produce Plaintiffs' loan files in Defendants' possession with its initial disclosures. Consistent with Fed. R. Civ. P. 26(A)(iii), Defendants expect to receive from Plaintiffs, as part of their initial disclosures, a computation of each category of damages claimed including the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the alleged injuries suffered.

**(8)  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

*Plaintiffs' Statement.* Plaintiffs expect discovery to include document production, written discovery requests, and depositions. Both a protective order and an ESI protocol are appropriate for this matter, and Plaintiffs' proposed dates for discovery and class certification are listed below and in Plaintiffs' Proposed Scheduling Order.

While the parties agree that some discovery may be warranted in advance of class-certification motions, Plaintiffs oppose the Defendants' proposals below to bifurcate discovery and allow only roughly 90 days (until February 7, 2025) for conducting class discovery, resolving any discovery disputes, preparing expert reports, and filing class-certification motions. Plaintiffs' claims in this action, including their request for injunctive relief, include allegations of systemic discrimination by the Defendants, so even if class certification is denied, discovery on the merits will necessarily involve facts establishing that Defendants' structural and institutional choices and policies facilitated racial discrimination. Accordingly, class-certification and merits discovery are closely intertwined and most efficiently accomplished in a single discovery period.

Given the long history of persistent, systemic discrimination against Black farmers here, class discovery is *not*, as Defendants suggest below, simply a matter of producing a limited amount of recent loan data along with Plaintiffs' loan files, just so Defendants can then argue (as per below) that there is insufficient evidence for class certification. *See Sakyi v. Estee Lauder Companies, Inc.*, 298 F. Supp. 3d 16, 20 (D.D.C. 2018) (recognizing that Local Rule 23.1(b) provides for the possibility that a party may instead require discovery to support its motion for class certification); *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 258 F.R.D. 167 (2009) (denying motion for bifurcated discovery based on defendants' self-serving argument that such motion would fail). *See also* Discovery in Class Proceedings, 7B Fed. Prac. & Proc.

7

**Error! Unknown document property name.**

Supplemental Service § 1796.1 ("[B]ecause bifurcation of discovery risks additional delay, it has remained the exception and not the rule.").[2]

Even if discovery is bifurcated, the parties will still need more time for class-related discovery than Defendants' proposal allows. Although the parties have engaged in good-faith discussions about class-related discovery, at this stage the parties are not yet in agreement on the scope of class-certification discovery, and Defendants have resisted proposals to commit to early, timely production of several categories of documents critical to class certification. To move that discussion forward, Plaintiffs have provided Defendants with an initial, non-exhaustive list of requests for production relevant to issues regarding class certification (and likewise the merits). Plaintiffs will then follow shortly with a more comprehensive set of formal discovery requests. To the extent that Defendants object to production of the requested information, the parties can then meet and confer in good faith, and bring any remaining disputes before the Court. If Defendants refuse to commit to essential discovery showing issues common to the class while simultaneously seeking to fast-track class-certification, they unreasonably deny both Plaintiffs and the Court information necessary to adjudicating Rule 23.

Any class certification schedule should include adequate time for: discovery relevant to the Rule 23 inquiry, preparation of expert reports, and briefing of class-certification motions based on that record. Accordingly, given the overlap with merits discovery, Plaintiffs assert that a single discovery period, followed by class certification motions, is a more efficient way to proceed.

As shown in the Plaintiffs' Proposed Scheduling Order, Plaintiffs request that the Court set the following deadlines for class-certification and fact discovery:

- November 15, 2024 – Deadline for the parties to file their joint proposed protective order, ESI protocol, and proposed agreement under Federal Rule of Evidence 502.

- April 30, 2025 – Deadline for the parties to substantially complete production of documents in response to the initial requests for production.

- July 31, 2025 – Deadline for completion of fact discovery.

---

[2] The prior farmer-discrimination cases do not, as Defendants suggest, provide a basis for imposing a 90-day deadline here. In fact, based on a review of the docket entries, those cases involved time provided for extended briefing, supplemental pleadings, discovery after the filing of the motion and the subsequent hearing on class certification, all of which fell well beyond the 90-day rule. *See Pigford v. Vilsack*, Civil Action Nos. 97-1978 (PLF); *Keepseagle v. Vilsack*, Case No. 99-cv-3119 (D.D.C.); *Garcia v. Veneman*, Case No. 00-cv-02445; *Love v. Vilsack*, 1:00-cv-02502. Likewise, many of the sources of relevant and discoverable data and information did not exist at the time of those prior cases, suggesting that a 90-day deadline would be even more unworkable here.

8

**Error! Unknown document property name.**

Plaintiffs further propose that the Court place the following limits on discovery:

- Pursuant to Fed. R. Civ. P. 33, Plaintiffs may jointly serve 50 interrogatories on Defendants. Defendants may jointly serve 10 interrogatories on each plaintiff named in the complaint. The parties will coordinate efforts and each side will avoid serving duplicative or unduly burdensome interrogatories.

- The parties may propound only a reasonable and appropriate number of requests to produce. Plaintiffs may jointly serve requests on Defendants. Defendants may jointly serve requests to produce on each Plaintiff. Requests to produce may be served on individual parties on discrete issues.

- Absent good cause shown, the maximum number of fact depositions, including depositions pursuant to Fed. R. Civ. P. 30(b)(6), per side is 40 depositions, inclusive of parties and third-parties.

- With respect to non-party depositions, if Plaintiffs and Defendants cross-notice a third party for deposition, the parties shall meet and confer regarding the division of time among the parties. Parties may seek leave of Court for additional time for good cause or if they are otherwise unable to agree upon the division of time for a deposition. Plaintiffs and Defendants will meet and confer regarding a potential deposition protocol regarding procedures for depositions, including allocation of time for third party depositions.

- The parties may propound only a reasonable and appropriate number of requests for admission. Plaintiffs may jointly serve requests on Defendants. Defendants may jointly serve requests for admission on each Plaintiff.

***Defendants' Statement:*** Given that Local Rule 23.1 requires the filing of a motion for class certification within 90 days of the filing of the Complaint, and that Plaintiffs have already engaged retained experts and taken what amounts to substantial unilateral discovery against Defendants through Freedom of Information Act requests, as reflected in Plaintiffs' Complaint and their opposition to the *Provost* plaintiffs' motion to intervene,[3] Defendants propose that discovery beyond the production of relevant structured data (as propounded by Plaintiffs) and procedures, and Plaintiffs' relevant loan files, should be stayed except for good cause shown pending the resolution of class certification. Indeed, as part of their Rule 26(f) conferral, Defendants have reviewed Plaintiffs' initial draft requests for production—that Plaintiffs deem as relevant to class certification—and have committed to the timely production of a significant amount of the information that Plaintiffs have requested. Defendants have not resisted proposals to commit to early, timely production of documents critical to class certification; rather, Defendants have resisted Plaintiffs' efforts to subject Defendants to wide-ranging

---

[3] "Plaintiffs have been doing everything they can to be prepared to advance the litigation by pursuing FOIA requests, developing the facts related to numerous class members, and working with retained experts." *Pride Pls.' Opp. to Provost Mot. to Consolidate*, ECF No. 45 at 14.

9

discovery covering loan programs that are not challenged in this litigation and written discovery requests spanning multiple decades well beyond the relevant statute of limitations. In addition to the information Plaintiffs have already received through their Freedom of Information Act requests, Defendants' commitment to timely produce relevant structured data and documents should be more than sufficient to enable Plaintiffs to move for, and Defendants to oppose, class certification.

Defendants believe that this proposed schedule is both proportional and fair; comports with Federal Rule of Civil Procedure 23(c)(1)(A), which provides for class certification to be determined at "an early practicable time" and the Local Rule requiring Plaintiffs to move for class certification near the outset of the case, L.R. 23.1; and is consistent with how initial motions for class certification were handled in similar putative class actions against USDA within this district, including *Pigford v. Vilsack*, Civil Action Nos. 97-1978 (PLF), 98-1693 (PLF) (motions for class certification filed 90 days and six months after filing the complaint); *Keepseagle v. Vilsack*, Case No. 99-cv-3119 (D.D.C.) (motion for class certification filed approximately five months after filing the complaint); *Garcia v. Veneman*, Case No. 00-cv-02445 (motion for class certification filed within four months of filing complaint following an extension, and re-filed within 30 days of the denial of Defendants' motion to dismiss); *Love v. Vilsack*, 1:00-cv-02502 (motion for class certification filed within 120 days of complaint being filed, following an extension; supplement filed within 60 days of ruling on the motion to dismiss; and discovery conference held after hearing on class certification). And notably, here, the Court has already ruled on Defendants' motion to dismiss.

To put a finer point on it: discovery in this case will almost certainly be asymmetrical in nature, in that Defendants will bear most of the discovery burden based on the nature of the claims at issue here. And while Plaintiffs tout the purported efficiencies of a single discovery period, that proposal ignores the fact that a combined class and merits discovery period would effectively allow Plaintiffs to receive merits-based discovery on a class-wide basis without having obtained a favorable class certification decision. By contrast, Defendants' bifurcated schedule strikes the right in balance in that it allows the parties to exchange reasonably tailored discovery that is potentially relevant to class certification, without the need to engage in additional, burdensome merits discovery before a decision on class certification has been reached, consistent with the Court's discretion to structure discovery prior to class certification.

Defendants propose the following deadlines related to discovery up through class certification:

- November 15, 2024 – Deadline for the parties to file their joint proposed protective order, ESI protocol, and Rule 502 agreement.

- December 31, 2024 – Deadline for the parties to move for additional discovery for good cause shown, if necessary. The responding party shall respond to any such motions for additional class discovery on or before January 17, 2024.

10

To the extent that broader discovery is permitted, or if the Court intends to set Plaintiffs' deadline for class certification beyond the deadline for fact discovery, or if *Provost* is consolidated with this action, Defendants request the opportunity to further confer regarding Plaintiffs' proposed deadlines. Defendants propose the following additional limitations, should broader discovery be authorized:

- In taking discovery on their individual claims, Plaintiffs may jointly serve 35 interrogatories on Defendants. Defendants may jointly serve 10 interrogatories on each plaintiff named in the Complaint. The parties will coordinate efforts and each side will avoid serving duplicative or unduly burdensome interrogatories.

- The parties may propound only a reasonable and appropriate number of requests for production. Plaintiffs may jointly serve requests on Defendants. Defendants may jointly serve requests for production on each Plaintiff. Requests for production may be served on individual parties on discrete issues.

- Absent good cause shown, the maximum number of fact depositions, including depositions pursuant to Fed. R. Civ. P. 30(b)(6), per side is 10 depositions, including third-parties, consistent with Federal Rule of Civil Procedure 30. Plaintiffs have not established good cause to show why they require depositions in excess of those allowed by the Federal Rules.

*Parties' Statement:* The parties agree that should any dispute arise regarding the limitations and protocols provided above with respect to discovery, the parties will meet and confer in an attempt to reach a mutually agreeable solution before seeking court intervention.

With respect to discovery served pursuant to Federal Rule of Civil Procedure 30, 33, 34, and 36, Plaintiffs and Defendants will coordinate efforts to avoid serving duplicative or unduly burdensome discovery.

The parties may produce materials responsive to a request for production on a rolling basis.

**(9) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

*Parties' Statement.* The parties are not currently aware of any specific issues regarding disclosure, discovery, or preservation of ESI. The parties will confer in good faith to submit a proposed protective order and ESI protocol.

**(10) Any issues about claims of privilege or of protection as to trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

11

**Error! Unknown document property name.**

*Parties' Statement.* The parties are not currently aware of any specific issues regarding privilege or trial-preparation materials. The parties will confer in good faith to submit a proposed agreement under Federal Rule of Evidence 502.

**(11)** **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

*Plaintiffs' Statement.* Plaintiffs do not currently have any suggested modifications to the standard rules in Federal Rule of Civil Procedure 26(a) regarding the exchange of expert reports.

As shown in Plaintiffs' Proposed Scheduling Order, Plaintiffs request that the Court set the following deadlines for expert discovery:

- September 1, 2025 – Deadline for Plaintiffs to serve their initial class expert reports.

- October 15, 2025 – Deadline for Defendants to serve their class expert reports.

- November 17, 2025 – Deadline for Plaintiffs to serve their rebuttal class expert reports.

- December 5, 2025 – Deadline to depose the parties' class experts.

As shown in Plaintiffs' Proposed Scheduling Order, Plaintiffs request that any supplemental merits expert reports and depositions be held until after the Court's decision on class certification.

As explained in Section II(8) above, Plaintiffs oppose Defendants' request for bifurcated discovery.

*Defendants' Position:* Defendants request that the Court bifurcate discovery pending the Court's determination on Plaintiffs' motion for class certification and that the parties be given the opportunity to confer regarding a schedule for additional proceedings within 50 days of the Court's decision on class certification. To the extent the Court intends to set a more fulsome schedule, however, Defendants request an opportunity to confer regarding such deadlines, including for example, Plaintiffs' request that Defendants brief class certification over the Christmas, New Years, and Martin Luther King holidays in December 2025-January 2026, *see infra* Section 12, Plaintiffs' Statement.

**(12)** **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

12

*Plaintiffs' Statement.* As shown in Plaintiffs' Proposed Scheduling Order, Plaintiffs request that the Court set a class certification briefing schedule as follows: (1) December 19, 2025, for Plaintiffs' motion for class certification; (2) January 30, 2026, for Defendants' opposition brief; (3) March 2, 2026, for Plaintiffs' reply brief; (4) April 2026 for oral argument and/or evidentiary hearing; and (5) June 2026 for decision.

*Defendants' Statement.* Defendants request that the Court enter a class certification briefing schedule as follows: (1) Plaintiffs' motion for class certification shall be filed on or before February 7, 2025; Defendants' response to Plaintiffs' motion for class certification shall be filed on or before April 8, 2025; Plaintiffs' reply in support of class certification shall be filed on or before May 23, 2025; and if the Court deems a hearing necessary, the Court set the motions for oral argument and/or evidentiary hearing at the Court's convenience thereafter, with a decision to issue as soon as practicable. *See* Fed. R. Civ. P. 23(c)(1)(A) ("Time to Issue. At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action."); *see generally* L.R. 23.1.

**(13)   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

*Plaintiffs' Statement.* As explained in Section II(8) above, Plaintiffs do not believe that bifurcation of discovery or trial is appropriate or necessary in this case.

*Defendants' Statement.* Defendants propose to bifurcate discovery pending a decision on class certification, as set forth in these proposals and Defendants' Proposed Scheduling Order, attached hereto.

**(14)   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

*Parties' Statement.* As shown in the parties' respective Proposed Scheduling Orders, the parties request that the Court allow the parties to file a joint status report with proposed deadlines for further proceedings, including for example, dispositive motions, the pretrial conference, and trial, within 50 days of the Court's decision on class certification to allow the parties to consider appellate or other options.

**(15)   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

*Parties' Statement.* As shown in the parties' respective Proposed Scheduling Orders, the parties request that the Court permit the parties to file a joint status report with proposed deadlines for further proceedings, including for example, dispositive motions, the pretrial conference, and trial, within 50 days of the Court's decision on class certification to allow the parties to consider appellate or other options.

**Error! Unknown document property name.**

(16)   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

*Parties' Statement.* The parties have not identified any other matters that they believe should be included in the parties' respective Proposed Scheduling Order.

III. **Additional Matters Discussed by the Parties Pursuant to FRCP 26(f)(3)**

(A) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

*Parties' Statement. See* the parties' response to Section II(7) above.

(B) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

*Plaintiffs' Statement:*

Plaintiffs believe that discovery in this case, for both class certification and merits, may include the following, *inter alia*:

- Data maintained by USDA and/or FSA related to its loan programs, including data relevant to disparities and discriminatory practices in the direct loan program.
- Investigations, analyses, reports, data, and assessments related to discrimination in the USDA programs.
- Policy manuals, guidance documents, handbooks, or other agency policies and/or procedures governing the USDA direct loan program and other programs related to findings of racial discrimination. Facts and circumstances related to USDA denying access to loans to Plaintiffs and putative class members.

As explained in Section II(8) above, given the claims at issue and discovery needed in this case, Plaintiffs believe that Defendants' request to bifurcate discovery is unjustified. The discovery proposed above is a minimal starting point for determining class-wide injury based on Defendants' long-standing, systemic discrimination.

Adjudication of the exact boundaries of class discovery issues at this stage is premature. The schedule proposed by Plaintiffs would allow the parties to serve discovery, meet and confer on any issues as to scope, and bring any discovery disputes before the Court.

While Plaintiffs acknowledge that Defendants have agreed to produce some data that Plaintiffs will necessarily need for class discovery, Plaintiffs do not view

14

Defendants' agreement to comprise a "significant" amount of the information that Defendants have requested as they contend. (*See* II(8)). For instance, Defendants will not agree to produce any data older than six years or more recent than August 10, 2023, even though they have not suggested that doing so would be burdensome, they refuse to run searches across any emails until after class certification, and they have refused to produce any data or information from Defendants' other loan programs, despite the allegations of systemic discrimination. As a result, Plaintiffs anticipate that at least some discovery issues will need to be raised with the Court.

*Defendants' Statement:*

- Facts and circumstances related to Plaintiffs' applications for direct loans with USDA, and USDA's evaluation thereof, including but not limited to information related to Plaintiffs' credit history, farming experience, and the feasibility of their requested loans between August 10, 2018 and August 10, 2023.
- USDA's policies and procedures governing USDA's consideration of Plaintiffs' applications for direct loans between August 10, 2018, and August 10, 2023.
- Structured data related to FSA's direct lending program between August 10, 2018 and August 10, 2023.

Defendants further respond that Plaintiffs' discovery subject-matter proposals go well beyond what is necessary to evaluate Plaintiffs' motion for class certification pursuant to Federal Rule of Civil Procedure 23 and are indeed disproportionate and unduly burdensome given the information Plaintiffs have already secured through their Freedom of Information Act requests. *See supra*, Section 8. Plaintiffs should not be permitted to maintain this action as if a class has been certified without having moved for and been granted class certification. To the extent that broader discovery is authorized, any discovery taken by Plaintiffs should be limited to the statute of limitations period, August 10, 2018 and August 10, 2023, and be limited to USDA's direct lending program, given Plaintiffs' complaint. *See* Pride Opp. to Mot. to Consolidate at 3, ECF No. 45 ("By contrast to the more narrowly-scoped *Pride* complaint, the *Provost* complaint challenges USDA conduct in both the USDA direct and guaranteed loan programs"), and 9 ("[T]he class relief sought by Plaintiffs in this action concerns *only* the USDA direct loan program[.]") (emphasis in original).

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

*Parties' Statement.* *See* the parties' response to Section II(9) above.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims**

15

after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.

*Parties' Statement.* *See* the parties' response to Section II(10) above.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

*Parties' Statement.* *See* the parties' response to Section II(8) above.

**(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

*Parties' Statement.* At this time, the parties have not identified any other orders that they believe the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

IV. **Proposed Scheduling Order**

Plaintiffs and Defendants have each submitted a Proposed Scheduling Order, attached to this report as Exhibit A (Plaintiffs' Proposed Scheduling Order) and Exhibit B (Defendants' Proposed Scheduling Order).

Dated: November 8, 2024                     Respectfully submitted,

 s/ Shaunda Patterson-Strachan
Shaunda Patterson-Strachan (DC # 459501)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: +1 202 230 5000
Fax: +1 202 842 8465
shaunda.pattersonstrachan@faegredrinker.com

Craig S. Coleman (MN # 0325491) (Pro Hac Vice)
Jonathan Dettmann (MN #0265032) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: +1 612 766 7000
Fax: +1 612 766 1600

**Error! Unknown document property name.**

craig.coleman@faegredrinker.com
jon.dettmann@faegredrinker.com

Colby Anne Kingsbury (IL #6272842) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: +1 312 569 1000
Fax: +1 312 569 3000
colby.kingsbury@faegredrinker.com

Gregg W. Mackuse (PA # 54366) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: +1 215 988 2700
Fax: +1 215 988 2757
gregg.mackuse@faegredrinker.com

Emanuel McMiller (IN #35649-71) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: +1 317 237 0300
Fax: +1 317 237 1000
manny.mcmiller@faegredrinker.com

John Calvin Patterson (MS # 103140) (Pro Hac Vice)
Wesley D. Ehrhardt (MS # 103021) (Pro Hac Vice)
PATTERSON & EHRHARDT, PLLC
213 North Main St.
Como, MS 38619
Tel: +1 662 526 1992
Fax: +1 662 586 1556
jcp@pelaws.com
wde@pelaws.com

*Attorneys for Plaintiff*

 s/ Faith E. Lowry
Faith Lowry
1100 L Street NW
Washington DC, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov

17

Sarah Suwanda
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-3196
Email: sarah.m.suwanda@usdoj.gov

*Attorneys for Defendants*

18

**Error! Unknown document property name.**