UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY PRIDE, *et al.*,

        *Plaintiffs*,

  v.

U.S. DEPARTMENT OF AGRICULTURE, *et al.*,

        *Defendants*.

Civil Action No. 23-2292 (LLA)

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in *Provost v. Vilsack*, No. 24-CV-920 (D.D.C. filed Mar. 29, 2024), move under Federal Rule of Civil Procedure 42(a) to consolidate their action with this one, *Pride v. U.S. Department of Agriculture*, No. 23-CV-2292 (D.D.C. filed Aug. 8, 2023). *Pride*, ECF No. 42. The court will deny the motion.

    **I.**    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In August 2023, Plaintiffs filed this putative class action against the U.S. Department of Agriculture ("USDA"), its Secretary, Thomas J. Vilsack, the Farm Services Agency ("FSA"), and FSA Administrator Zach Ducheneaux. *Pride*, ECF No. 1. In their complaint, Plaintiffs allege that Defendants violated the Equal Credit Opportunity Act ("ECOA") in administering the USDA's Direct Loan Programs, *id.* ¶¶ 126-40, and violated the Due Process Clause of the Fifth Amendment in administering its (now defunct) Market Facilitation Program, *id.* ¶¶ 141-47. They seek declaratory, injunctive, and compensatory relief. *Id.* at 53. Defendants moved to dismiss, *Pride*, ECF No. 31, and in August 2024, the court dismissed the Fifth Amendment claim concerning the Market Facilitation Program but largely allowed Plaintiffs' ECOA claim to proceed, *Pride*, ECF

No. 41, at 25.  Defendants thereafter filed an answer, *Pride*, ECF No. 47, and the parties are awaiting an initial scheduling conference.

In March 2024, another set of plaintiffs filed the *Provost* action against the USDA and Secretary Vilsack.  *Provost*, ECF No. 1.  The *Provost* plaintiffs also raise class claims under the ECOA and the Fifth Amendment's Due Process Clause and seek declaratory, injunctive, and compensatory relief; however, they additionally challenge actions by the USDA not presented in *Pride* and raise claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*.  *Provost*, ECF No. 36-1 ¶¶ 216, 233, 252, 264, 276, 287-88; *id*. at 109-10.  The *Provost* defendants filed a partial motion to dismiss, *Provost*, ECF No. 40, for which briefing is set to conclude in February 2025, *see Provost*, December 18, 2024 Minute Order.

In August 2024, the *Provost* plaintiffs filed a motion on the *Pride* docket seeking to consolidate the two cases.[1]  *Pride*, ECF No. 42.  They argue that the cases should be consolidated because the remaining ECOA claim in *Pride* is "wholly subsumed" by the *Provost* complaint.  *Id.* at 2.  The *Provost* plaintiffs further contend that the two cases share common features in that they have two overlapping defendants—the USDA and Secretary Vilsack; both are styled as putative class actions on behalf of Black farmers who experienced discriminatory lending practices by the USDA; both point to similar policies, statistical evidence, and admissions by the defendants; and both seek declaratory, injunctive, and compensatory relief.  *Id.* at 1-2.  The *Provost* plaintiffs

---

[1] The *Provost* plaintiffs also filed a notice of related case concerning *Pride* on the *Provost* docket.  *Provost*, ECF No. 26.  The *Provost* defendants responded that the two cases are not related.  *Provost*, ECF No. 27.  "[A] related-case inquiry is separate and distinct from an inquiry regarding case consolidation[.]"  *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016).  While this court must resolve the motion to consolidate because the motion was filed in the *Pride* docket, the related-case determination will be resolved by the judge assigned to the *Provost* matter.  *See* Local Civ. R. 40.5(c)(3) ("Where a party objects to a designation that cases are related . . . the matter shall be determined by the judge to whom the case is assigned.").

additionally argue that because their counsel are proceeding on a pro bono basis, consolidation would benefit the *Pride* plaintiffs. *Id.* at 14.

All of the parties in *Pride* oppose consolidation. *Pride*, ECF Nos. 44, 45. Defendants argue that the two cases "do not involve the same parties, are unlikely to involve the same witnesses, facts, or events, and do not risk materially inconsistent outcomes"; that the cases' differing procedural postures make them ill-suited for consolidation; and that the pro bono status of the counsel in *Provost* should not bear on consolidation. *Pride*, ECF No. 44, at 2. Plaintiffs contend that consolidation is "unnecessary and premature at this stage of the litigation"; that the *Provost* plaintiffs' requested relief is overbroad; that the delay caused by consolidation would be prejudicial to them; and that they are entitled to their own choice of counsel. *Pride*, ECF No. 45, at 5.

## II.     LEGAL STANDARD

A district court has "substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. Pro. 42(a). When determining whether to consolidate two cases, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). This includes "(1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate." *Clayton v. District of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (quoting

*Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-CV-1063, 2010 WL 4386911, at *2 (D. Kan. Oct. 29, 2010).

"Actions involving the same parties, same witnesses, or that arise from the same series of events or facts may be consolidated to 'promote convenience and judicial economy, simplify management of the cases, . . . facilitate global resolution of the . . . claims[,] and conserve judicial resources.'" *Am. C.L. Union v. Wash. Metro. Area Transit Auth.*, No. 17-CV-1598, 2024 WL 4285894, at *2 (D.D.C. Sept. 25, 2024) (alterations in original) (quoting *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016). "If the parties at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate." *Id.* (quoting *Blasko v. Wash. Metro. Area Transit Auth.*, 243 F.R.D. 13, 15 (D.D.C. 2007). "The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation." *Clayton*, 36 F. Supp. 3d at 94 (quoting *Frederick*, 2010 WL 4386911, at *2).

### III.   DISCUSSION

Consolidation is not warranted at this time because the "cases involve different factual allegations, different parties, different legal claims, and have different procedural histories." *Am. C.L. Union*, 2024 WL 4285894, at *2. While the cases share some common features—most notably, that both sets of plaintiffs challenge the USDA's discriminatory lending practices under the ECOA, *see Pride*, ECF No. 1 ¶¶ 126-40; *Provost*, ECF No. 36-1 ¶¶ 210-31—there are three key procedural, factual, and legal differences that militate against consolidation.

First, the cases are in different procedural postures. While the court has already resolved the *Pride* defendants' motion to dismiss, *see Pride*, ECF No. 41, briefing on the *Provost* defendants' motion to dismiss is still underway, *see Provost*, December 18, 2024 Minute Order. Courts routinely "conclude[] that consolidation is premature when motions to dismiss are

4

pending."  9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2383 (3d ed. 2024) (collecting cases).  Delaying the *Pride* matter until the motion to dismiss in *Provost* is decided will unduly prejudice the *Pride* plaintiffs, who stress the "extreme urgency" of their claims.  *Pride*, ECF No. 45, at 9 (explaining that "[w]ith each passing season, Black farmers lose ground, productivity, and even their farms").

Next, the cases involve different facts.  The Direct Loan Programs at issue in both *Pride* and *Provost* are locally administered, and the plaintiffs live in different states.  *Pride*, ECF No. 44, at 5-6 (explaining that "[t]he *Pride* plaintiffs operate farms in Mississippi and Arkansas, while the *Provost* plaintiffs operate farms in Louisiana").  At this stage of the proceedings, it is not apparent that the cases will involve common questions of fact.

Finally, and most critically, the *Provost* case raises legal claims well beyond what is at issue in *Pride*.  In light of the court's ruling in the *Pride* defendants' motion to dismiss, the *Pride* plaintiffs are proceeding solely on their claim that the USDA violated the ECOA in administering its Direct Loan Program, for which they seek relief under the ECOA and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.  *See Pride*, ECF No. 41; *Pride*, ECF No. 1, at 53.  While the *Provost* plaintiffs also advance such a claim, it is but one of many claims, including that the USDA violated the ECOA in administering its Guaranteed Loan Program, and that the USDA otherwise violated the APA, the Fifth Amendment, and the Declaratory Judgment Act.  *See Provost*, ECF No. 36-1 ¶¶ 208, 232-298.  While the *Pride* plaintiffs seek to represent a more limited class of Black farmers, *see* ECF No. 1 ¶¶ 115-16, the *Provost* plaintiffs propose five separate classes of Black farmers, *see*

ECF No. 36-1 ¶¶ 162, 164-67.  In light of the additional claims in *Provost*, consolidating the cases would not aid case management or judicial efficiency.[2]

Accordingly, it is **ORDERED** that the *Provost* plaintiffs' Motion to Consolidate, *Pride*, ECF No. 42, is hereby **DENIED**.  The parties in *Pride* are directed to contact Courtroom Deputy Ms. Margaret Pham (Margaret_Pham@dcd.uscourts.gov) to set a date for their initial scheduling conference.

**SO ORDERED.**

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date:   December 30, 2024

---

[2] To the extent the parties are concerned about inconsistent rulings on the ECOA claim concerning the USDA's direct loan program, they could seek to stay that aspect of the *Provost* case.  *See Simmons v. District of Columbia*, No. 07-CV-493, 2009 WL 10692727, at *1 (D.D.C. Mar. 10, 2009) (declining to consolidate cases and staying proceedings on the common claim in the later-filed case); *Morgan v. District of Columbia*, No. 08-CV-172, 2009 WL 10719795, at *2 (D.D.C. Mar. 10, 2019) (same).