# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LARRY PRIDE, et al.,<br><br>      *Plaintiffs*,<br><br>   v.<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>  et al.,<br><br>      *Defendants*. | No. 1:23-cv-02292-LLA |

## <u>AGREED PROTECTIVE ORDER</u>

With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action ("the Litigation"), IT IS **HEREBY ORDERED** as follows:

This Order governs the dissemination of documents, materials, and other information, regardless of their form, including the substance and content thereof and produced by any party in support of motions, in response to written discovery (including interrogatory responses, responses to requests for admissions, and responses to requests for production of documents), or during any formal or informal discovery (including depositions and deposition exhibits) in the Litigation subject to the terms as set forth below, and all other discovery obtained in the Litigation ("Discovery Material") to the extent they contain Confidential Material as defined in this Order. The protections outlined in this Order govern Discovery Materials designated as Confidential Materials. This Order shall also address the process for handling the disclosure of privileged

information and protected data in the Litigation. **"Party"** shall mean all named parties in the Litigation, including any named Party added or joined to the Litigation. **"Producing Party"** shall refer to the Party that gives testimony or produces Confidential Material; the **"Designating Party"** is the Party who designates information under this Order (who can be the Producing Party or another Party or Third Party); and the **"Receiving Party"** shall refer to the parties that receive the Confidential Material. This Order shall also apply to the production of Confidential Material from third parties, if so elected by the third parties as provided in Paragraph 12 and to the extent documents produced by third parties include Confidential Material of any Party hereto.

**PROTECTED MATERIALS**

1.      "**Confidential Material**" means any information (regardless of how it is generated, stored or maintained) that a Designating Party, at the time of its production in discovery in the Litigation, or thereafter, designates as confidential because of a good faith belief that the information contains confidential or sensitive information, including, but not limited to, trade secrets; proprietary or competitively sensitive research, design, testing, manufacturing, distribution, engineering, technical, personal, or other commercial information; Protected Data; information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a; information protected or restricted from disclosure under the terms of any other statute or regulation, but which may be produced subject to the Protective Order; information subject to any notice-and-consent provisions for contractually protected information; information designated or treated as Law Enforcement Sensitive ("LES"); personal financial, medical, or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2; information that is not in the public domain, or if in the public domain, is improperly in the public domain; or any other personal information of any Party or Third Party,

2

that the Designating Party has made reasonable efforts to maintain as confidential. Confidential Material shall also include all other protected documents, information, or tangible things not identified above that the parties agree in writing or the Court orders qualify for protection under Federal Rule of Civil Procedure 26(c).

2.    **"Protected Data"** refers to any information that a Party believes in good faith to be subject to state, federal, or foreign data protection laws or other privacy obligations.  Protected Data constitutes highly sensitive materials requiring special protection.  Illustrative examples of Protected Data includes identifying information such as individual social security numbers, phone numbers, addresses, bank account numbers, and similar information that could cause harm to individuals if publicly released.

3.    **"Document"** shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & (B).

### GENERAL PROVISIONS

4.    This Protective Order shall govern all hard copy and electronic materials, the information contained therein, and all other information produced or disclosed during the Litigation as well as any information copied or extracted from such material; all copies, excerpts, summaries, or compilations; and any testimony, conversations, or presentations by Parties or their counsel that might reveal such information. The parties agree that all production marked as Confidential Material made available in this Litigation is subject to the terms of this Protective Order, may be used by the parties only in connection with this Litigation and only for prosecuting, defending, or attempting to settle the claims at issue in this Litigation, and may not be used elsewhere, including but not limited to in connection with any other litigation, arbitration, mediation, or other proceeding of any type.

3

5.      This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Litigation, whether the Documents are produced by a Party or a person or entity who is not a Party to this action. This Protective Order binds the parties and their respective agents, successors, personal representatives, and assignees.

6.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

7.      This Protective Order shall not prejudice in any way any Party's ability to challenge the use or disclosure of information other than information designated as Confidential Material under this Protective Order in this Litigation.  A Party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

8.      This Protective Order does not govern the parties' use of Confidential Material in open court at any hearing or trial, but the parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Material in any such hearing or trial.

9.      Any Confidential Materials referenced in any pleading or contained in any Document filed with the Court in this Litigation by the Producing Party shall at the time of filing cease to be Confidential Materials unless the Producing Party files the un-redacted pleading or Document under seal, pursuant to the sealing procedures articulated in the Local Rules.

10.     Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Materials for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Materials to lose their designation as Confidential Material,

then it shall no longer be subject to any protection under this Protective Order.

11. This Protective Order applies governs all Confidential Materials exchanged or disclosed by the parties in this action, whether before or after the entry of this Protective Order.

12. A Party or Third Party may designate Discovery Material as Confidential Material in the following manner:

a. **Documents:** Any Producing Party producing Documents that contain information that meets the definition of Confidential Material may designate the contents of the Documents as Confidential Material prior to or at the time of production by placing a "CONFIDENTIAL" designation on the Documents. Where a Document consists of more than one page, each page of the Document shall be designated as such. Any Document or information for which it is impracticable or impossible to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question, including a Bates number where applicable.

b. **Written Discovery:** If responses to written discovery contain Confidential Material, the Producing Party responding to such written discovery may designate the responsive Documents and information, as set forth in Paragraph 7(a), with specific indication of the page and line references of the material that is "Confidential" under the terms of this Protective Order.

c. **Deposition or Other Pre-Trial Testimony:** In the case of depositions or other pre-trial testimony, the parties may designate as Confidential Material any deposition transcript, or portions thereof, in the Litigation that meets the definition of Confidential Material. Counsel for the Designating Party shall advise the court reporter and the parties on the record during the deposition or by written notice to counsel for the other Parties no later than thirty (30) calendar days after receipt of the final deposition transcript. Confidential designations of

5

transcripts or portions thereof, apply to audio, video, or other recordings of the testimony. Before the thirty-day period expires, the testimony shall be treated as Confidential Material. The thirty-day period may be extended by mutual agreement of the parties. Furthermore, any Document designated as "CONFIDENTIAL" shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition.

d.     **TIFF Documents:**  In the case of Documents or other materials (apart from depositions or other pre-trial testimony), the Designating Party shall affix the appropriate legend to each page of the Document.

e.     **Native Documents:**  With respect to Documents produced in native format, the Designating Party shall include a placeholder TIFF endorsed with the applicable designation on the TIFF image. The native file separately produced shall include a file name(s) that begins with "Confidential."

f.     **Non-Written Materials:**  In the case of non-text Confidential Material (e.g., videotape, audio tape, computer disk), the Designating Party shall label the outside of the material with the designation.

13.     **Production of Confidential Material Without Designations:**  The failure to designate Discovery Material as Confidential Material does not constitute a waiver and may be remedied by prompt written notice upon discovery of the failure. Upon receipt of a Party's notice of the inadvertent disclosure, the Receiving Party shall, within a reasonable time, not to exceed twenty (20) days, (a) treat such material in accordance with this Order; (b) take reasonable steps to notify any person to whom the Party disclosed such information of the new confidential designation; (c) take reasonable steps to procure the return of all copies of such material from any such persons who are not entitled to receipt of Confidential Material under the terms of this

6

Protective Order; (d) request in writing that such person procure the return of such information from any person to whom such person may have disclosed the information.

14. **Counter Designations of Confidential Material:** Any Party may designate, or counter-designate, Discovery Material produced by any Party or Third Party if the materials contain or are derived from that Party's own Confidential Material. If a Party counter-designates, the Party shall notify the Producing Party in writing of the counter-designation, and the Producing Party will then re-produce the Confidential Material with the requested confidentiality designation to all Parties who received the original production.

15. **Notice to Non-Parties:** Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within fourteen (14) days of receipt, the non-party either agree to the terms of this Protective Order or notify the issuing Party that the non-party does not seek the protection of this Protective Order.

16. **Objections to Designation or Treatment of Confidential Material:** Any Party may, in good faith, object to the designation of any Discovery Material as Confidential Material within thirty (30) days of receipt of a Document that has been designated. The objecting Party must state its objection in writing, specifying (by Bates numbers if possible) the Discovery Material challenged and explaining the basis for each objection. The objecting Party shall make a good faith effort to resolve the dispute with the Designating Party and shall provide the Designating Party the opportunity to revise its designation before raising the issue with the Court. If the Parties cannot reach an agreement as to the designation, the objecting Party may move the Court for an order determining whether the Document is Confidential Material. The Designating Party shall bear the burden of establishing the propriety of any designation. Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order remain in effect.

## **AUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

17.     Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of Confidential Material.

18.     **Persons Authorized to Receive Confidential Material:**  Confidential Material may be disclosed only to the following persons after a copy of this Order has been provided and an Agreement to Maintain Confidentiality, attached as Exhibit A, has been completed by every person receiving Confidential Material except those listed in paragraphs a, b, f, g and h below, and shall be used solely for the Litigation and may not be disclosed to anyone not authorized under this Paragraph. Disclosures may only occur to:

a.     Current employees of the Parties who are assisting with respect to this Litigation;

b.     Counsel of record, their associated attorneys, and support staff, including their paralegals, investigative, technical, secretarial, and clerical personnel assisting them in the Litigation;

c.     Experts and consultants (including their employees/contractors) who are consulted or retained by a Aarty to assist in the Litigation in the preparation or prosecution of claims or defenses in the Litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist the Parties or their counsel in the Litigation;

d.     Third-party contractors and their employees who are consulted or retained by a Party to provide litigation-support or copy services in connection with the Litigation;

e.     Witnesses identified on a Party's non-expert witness list in the Litigation;

f.     Court reporters, videographers, and other persons involved in recording deposition testimony or hearings in the Litigation;

8

g.      The Court and its personnel, including any mediators and/or special masters appointed by the Court, or if an appeal, the court with appellate jurisdiction;

h.      Any other person who is so designated by order of the Court or an appellate court; and

i.      Other persons by written consent of the Parties.

19.     **Acknowledgement:**    The Acknowledgements attached as Exhibit A are Confidential Material under this Protective Order, and counsel for each Party shall maintain the Acknowledgements without giving copies to the other side, except that if there is good cause to request production of Acknowledgements obtained by another Party, then the Party seeking to obtain such production shall confer with counsel before seeking to file a motion with the Court seeking relief from this Paragraph.

20.     **Use of Confidential Material at Deposition:**  Any Party may use Confidential Material, pursuant to the terms of this Order, as an exhibit in a deposition taken in this proceeding, subject to (a) such exhibit being marked as confidential, and (b) the witness' execution of a written agreement in the form attached hereto as Exhibit A, as required herein.

21.     **Limited Use of Confidential Material:**  All Confidential Material shall be used solely for the purpose of the Litigation only, and except as permitted by this Order, the Parties and their respective attorneys, as well as experts or consultants, shall not give, show, or otherwise divulge or disclose the Confidential Material, or any copies, prints, negatives, or summaries thereof to any person or entity. Confidential Material pursuant to this Protective Order shall be treated by the Parties, their counsel, and any other signatory to this Protective Order as being confidential and private. Any copy of Confidential Material shall have the same status as the original. The disclosure and use of Confidential Material shall be confined to the permissible disclosures and

9

uses set forth in this Protective Order, and no one shall disclose or use Confidential Material in a manner inconsistent with the terms and the intent of this Protective Order.

22.    **Exclusion of Individuals from Depositions:**  Counsel for either Party shall have the right to exclude any person who is not authorized by this Order to receive Documents or information designated as Confidential Material from any deposition where testimony regarding Confidential Material or the use of Confidential Material is likely to arise.

23.    **Subpoenas:**  If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent mechanism under state law) seeking Confidential Information as designated in this Litigation, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Material until the Designating Party has had a reasonable opportunity to inform the subpoenaed person that either (a) the Designating Party does not object to the production of the Confidential Material or (b) that that the Designating Party will seek appropriate relief or protection from the proper court to prevent the production.  The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Material, and nothing in this Protective Order should be construed as authorizing or encouraging a Receiving Party or subpoenaed person to disobey a lawful directive from this or another court.

## USE OF CONFIDENTIAL MATERIAL IN THESE PROCEEDINGS

24.    **Security of Confidential Material:**  Any person in possession of another Party's Confidential Material shall exercise the same care with regard to the storage, custody, or use of the Confidential Material as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Confidential Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction.

25.     **Summaries:**    Summaries of Confidential Material, including any lists, memorandum, indices, or compilations prepared or based on an examination of Confidential Material, or that quote from or paraphrase Confidential Materials in a manner that enables it to be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material.

26.     **Discovery of Security Breach:**    If the Receiving Party discovers a breach of security relating to the Confidential Material of a Producing Party, the Receiving Party shall (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate the effects of the breach and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

27.     **Unauthorized Disclosure of Confidential Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Material subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Material and to prevent further unauthorized disclosures of the Confidential Material, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and (c) promptly after discovery of the unauthorized disclosure, notify the Producing Party and all other Parties of the identity of the

11

person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the unauthorized disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Material that was the subject of the unauthorized disclosure.

28. **Filing of Confidential Material:**  Without written permission from the Producing Party or a court order, a Party may not file in the public record in the Litigation any Confidential Material. The Parties shall comply with all applicable local rules when seeking to file Confidential Material under seal.

29. **Use of Confidential Material in Open Court:**  This Order shall not be construed to govern or affect the admissibility or use of any Confidential Material at trial or at a hearing in open court.

## DURATION AND JURISDICTION

30. **Obligation to Act in Good Faith:**  The Parties and their counsel agree to act in good faith when taking any action pursuant to this Order.

31. **Amending or Modifying Protective Order:**  By written agreement of the Parties, or upon motion and order of the Court, the terms of this Protective Order may be amended or modified. This Protective Order shall continue in force until amended or modified by consent or agreement of the Parties or by order of the Court, and shall survive any final judgment or settlement in the Litigation, including but not limited to any final adjudication of any appeals petitions for extraordinary writs, unless otherwise vacated or modified by the Court. The Court shall have continuing jurisdiction over the terms and provisions of this Protective Order.

32. **Violations of this Order:**  Neither the termination of this Litigation nor the termination of employment of any person who had access to any Confidential Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the

restrictions on the use or disclosure of Confidential Material pursuant to this Order.

33.    **After Final Adjudication:**   Within 90 days after the final resolution of this Litigation (including resolution of all appellate proceedings), all Discovery Materials and copies of them (other than exhibits of record) produced by a Party or Third Party which contains Confidential Material shall be either returned to the Party or Third Party who produced the Confidential Material or destroyed. The Parties' attorneys shall be entitled to retain court papers, depositions, trial transcripts, and attorney work product. Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access to back-up tapes, systems, or similar storage to the persons necessary to conduct routine IT and cybersecurity functions. The Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Material pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.  To the extent the above-listed reasons require Confidential Material to be retained by the parties or their attorneys, such Confidential Material shall be maintained consistent with this Order.

**SO ORDERED:**

                                         _____

                                         Hon. LOREN L. ALIKHAN
                                         United States District Court Judge

13

**Submitted & Approved by:**

*s/ Colby A. Kingsbury*
Jessica C. Abrahams (DC # 435361)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: +1 202 230 5000
Fax: +1 202 842 8465
jessica.abrahams@faegredrinker.com

Craig S. Coleman (MN # 0325491) (Pro Hac Vice)
Jonathan Dettmann (MN #0265032) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: +1 612 766 7000
Fax: +1 612 766 1600
craig.coleman@faegredrinker.com
jon.dettmann@faegredrinker.com

Colby Anne Kingsbury (IL #6272842) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: +1 312 569 1000
Fax: +1 312 569 3000
colby.kingsbury@faegredrinker.com

Gregg W. Mackuse (PA # 54366) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: +1 215 988 2700
Fax: +1 215 988 2757
gregg.mackuse@faegredrinker.com

Emanuel McMiller (IN #35649-71) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500

14

Indianapolis, IN 46204
Tel: +1 317 237 0300
Fax: +1 317 237 1000
manny.mcmiller@faegredrinker.com

John Calvin Patterson (MS # 103140) (Pro Hac
Vice)
Wesley D. Ehrhardt (MS # 103021) (Pro Hac Vice)
PATTERSON & EHRHARDT, PLLC
213 North Main St.
Como, MS 38619
Tel: +1 662 526 1992
Fax: +1 662 586 1556
jcp@pelaws.com
wde@pelaws.com

*Attorneys for Plaintiff*

s/ Faith Lowry
Faith Lowry
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov

Sarah Suwanda
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-3196
Email: sarah.m.suwanda@usdoj.gov

*Attorneys for Defendants*

15

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LARRY PRIDE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF AGRICULTURE, et al., <br><br> *Defendants*. | No. 1:23-cv-02292-LLA |

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I,_____, declare and state that:

1.      I have read the Protective Order that has been entered in this case, and a copy of it has been given to me.

2.      I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions.  I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.  I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____Signature:_____

16