# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

LARRY PRIDE, et al.,

       *Plaintiffs*,

   v.

U.S. DEPARTMENT OF AGRICULTURE, et al.,

       *Defendants*.

No. 1:23-cv-02292-LLA

**[STIPULATED] CLAWBACK AGREEMENT AND**
**FEDERAL RULE OF EVIDENCE 502(d) ORDER**

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding.  This Order applies to attorney-client privilege, work-product protection (as defined by Federal Rule of Civil Procedure Rule 26(b)), deliberative process privilege, or law enforcement privilege.  Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege.

The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps

taken to prevent disclosure.  However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I.    DEFINITIONS

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II.    PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1. If a party discovers a document, or part thereof, produced by another party that the receiving party knows or has reason to know is protected by the attorney client privilege or attorney work product privilege, the receiving party must promptly use best efforts to search for any copies and return the specified document(s) and any copies or destroy the document(s). The receiving party must also use best efforts to search for any notes taken about the document and sequester and destroy them. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4. Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly use best efforts to search for any copies and return the specified document(s) and any copies or destroy the

document(s). The receiving party must also use best efforts to search for any notes taken about the document and sequester and destroy them. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5. Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party within fourteen (14) days of receiving the privilege notice. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (*e.g.*, filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may file a sealed motion for a judicial determination of the privilege claim, in accordance with the Local Rules. Nothing in this Order shall limit the right of any party to request an *in camera* review of inadvertently disclosed information. If the parties dispute the validity of a claim of privilege, they will not argue that privilege has been waived based on another party's process for reviewing and producing documents.

6. Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged or subject to work-product protection. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged or subject to work-product protection if the claim remains unresolved or is resolved in the producing party's favor.

7. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

**SO STIPULATED AND AGREED:**

s/ Colby A. Kingsbury
Jessica C. Abrahams (DC # 435361)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: +1 202 230 5000
Fax: +1 202 842 8465
shaunda.pattersonstrachan@faegredrinker.com

Craig S. Coleman (MN # 0325491) (Pro Hac Vice)
Jonathan Dettmann (MN #0265032) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: +1 612 766 7000
Fax: +1 612 766 1600
craig.coleman@faegredrinker.com
jon.dettmann@faegredrinker.com

Colby Anne Kingsbury (IL #6272842) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: +1 312 569 1000
Fax: +1 312 569 3000
colby.kingsbury@faegredrinker.com

Gregg W. Mackuse (PA # 54366) (Pro Hac Vice)

FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: +1 215 988 2700
Fax: +1 215 988 2757
gregg.mackuse@faegredrinker.com

Emanuel McMiller (IN #35649-71) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: +1 317 237 0300
Fax: +1 317 237 1000
manny.mcmiller@faegredrinker.com

John Calvin Patterson (MS # 103140) (Pro Hac
Vice)
Wesley D. Ehrhardt (MS # 103021) (Pro Hac Vice)
PATTERSON & EHRHARDT, PLLC
213 North Main St.
Como, MS 38619
Tel: +1 662 526 1992
Fax: +1 662 586 1556
jcp@pelaws.com
wde@pelaws.com

*Attorneys for Plaintiff*

*s/ Faith Lowry*
Faith Lowry
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov

Sarah Suwanda
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-3196
Email: sarah.m.suwanda@usdoj.gov

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated:

_____
Loren L. AliKhan
UNITED STATES DISTRICT JUDGE