**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LARRY PRIDE, et al.,<br><br>     *Plaintiffs,*<br><br>     v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, et al.,<br><br>     *Defendants.* | No. 1:23-cv-02292-LLA |

**STIPULATION REGARDING PROTOCOL FOR DISCOVERY
AND PRODUCTION OF ELECTRONICALLY STORED
INFORMATION AND PAPER DOCUMENTS ("STIPULATION")**

The Parties to the above-captioned action HEREBY STIPULATE AND AGREE, by and through their undersigned counsel, that the following specifications shall govern discovery of all documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties in discovery in the above-captioned action.

1.      **DEFINITIONS**

A.      "Custodial Data Source" means any data source in or on which a custodian may store potentially relevant Documents, ESI, or hard copy documents, whether or not created or generated by the custodian, including but not limited to personal computers, laptops, email, mobile devices, shared network servers, shared or individual network folders, cloud storage systems, or structured data systems.

B.      "Document" shall have the broadest meaning and scope consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure.

C.      "Electronically Stored Information" or "ESI" shall have the broadest meaning and scope consistent with Rules 26 and 34 of the Federal Rules of Civil Procedure.

D.      "Metadata" means: (i) information embedded in a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.  Metadata is a type of ESI.

E.      "Native File" and "Native Format" mean ESI in the electronic format of the application in which such ESI is created, viewed, and/or modified in the ordinary course of business.  A Native File is a type of ESI.

F.      "Non-Custodial Data Source" means any data source that is not kept or maintained by any particular custodian but which may contain potentially relevant Documents or ESI, including data sources under the control of a Producing Party or available to a Producing Party on demand, and shared storage systems that may contain potentially relevant information.

G.      The terms "Party" or "Parties" mean Plaintiffs or Defendants, or any of them, whether they are currently involved or become so in the future, and the term "Third Party" means any person or entity served with a subpoena under Rule 45 of the Federal Rules of Civil Procedure or a letter rogatory or letter of request under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.  The protocol set forth herein shall govern document productions by the Parties, their affiliates and, where applicable, Third Parties.

H.      "Producing Party" means any Party or Third Party that produces Documents and/or ESI under this ESI Protocol (or is subject to a request for production).

I.      "Receiving Party" means any Party or Third Party that receives Documents and/or ESI produced in this litigation.

J.       "Requesting Party" means any Party that serves a request for production of Documents on another Party or Third Party.

**2.       GENERAL PROTOCOLS**

A.       The Parties shall take reasonable steps to comply with the procedures set forth in this Stipulation.

B.       This Stipulation is intended to streamline production to promote a just, speedy, and inexpensive determination of this action under Rule 1 of the Federal Rules of Civil Procedure. Nothing in this Stipulation shall relieve a Party from producing Documents it knows to be responsive to the other Party's discovery requests simply because the search methodologies contained herein do not identify those documents.

C.       To the extent reasonably possible, the production of documents shall be conducted to maximize efficient and quick access to documents and minimize related discovery costs. The terms of this Stipulation shall be construed so as to ensure the prompt, efficient, and cost-effective exchange of information consistent with the Federal Rules of Civil Procedure, the Local Rules, and Orders of this Court.

D.       Except as specifically limited herein, this Stipulation governs the production of discoverable documents by the Parties in the litigation. In the event of transfer to another court, this Stipulation will remain in effect until adopted by the transferee court or replaced by a new protocol.

E.       Subject to the Parties' objections and responses to requests for production of documents and interrogatories, and a Stipulated Protective Order, all documents that are responsive to discovery requests and not designated as "privileged" shall be produced in the manner provided herein. Nothing in this Stipulation shall be interpreted to require disclosure of materials that a Party contends are not discoverable or are protected from disclosure by the

attorney–client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Additionally, nothing in this Stipulation shall be deemed to waive or limit any Party's right to object to the production of certain electronically stored information or to move for an appropriate order under the Federal Rules of Civil Procedure that an information source is not reasonably accessible because of undue burden or cost.

F.    The Parties agree to promptly alert all other Parties concerning any technical problems associated with complying with this Stipulation. If compliance with this Stipulation imposes an undue burden with respect to any protocol or information source, the Parties shall promptly confer in an effort to resolve the issue.

G.    Consistent with their obligations under the Local Rules and the Federal Rules of Civil Procedure, the Parties will attempt to resolve, in person, in writing (including email), or by telephone, disputes regarding the protocols set forth herein before filing a motion with the Court or otherwise seeking relief. If the Parties are unable to resolve the dispute after good-faith effort, the Parties may seek Court intervention under the Court's procedures.

**3.    PRODUCTION FORMAT**

The Parties agree to the following production format, subject to proposed modifications, which all Parties shall consider in good faith, based on the manner in which the Producing Party has maintained or otherwise has access to responsive information.

**A.  HARD COPY DOCUMENTS**

At the Producing Party's discretion, hard copy documents should be scanned as .PDF format or single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file, i.e., .dat. The database load file should contain the following fields: "BEGNO," "ENDNO," "BEGATTACH," "ENDATTACH," "PAGES," and "CUSTODIAN." The documents should be logically unitized, i.e., distinct documents should not be merged into a

single record, and a single document should not be split into multiple records, and should be produced in the order in which they are kept in the usual course of business. If an original document contains relevant information in color necessary to understand the meaning or content of the document, the document should be produced as single-page, 300 DPI with a minimum quality level of 75, 24-bit, color JPG images. If a Producing Party OCRs the document for its own benefit, OCR should also be provided using standard COTS products.

### B.   ELECTRONICALLY STORED INFORMATION

Electronically stored information (ESI) should be produced as single-page, Group IV, 300 DPI TIFF images, except that source code, audio, video, and spreadsheet-type files (including but not limited to Microsoft Excel, and CSV files) should be produced in Native Format. All ESI should be produced with a delimited, database load file that contains the metadata fields listed in **Appendix A**, attached hereto. To the extent that metadata does not exist, is not reasonably accessible or available for any documents produced or would be burdensome to provide, nothing in this Stipulation shall require any Party to extract, capture, collect, or produce such data. An .opt image cross-reference file should be provided for all TIFF images.

TIFF images should show any and all text and images that would be visible to the reader using the native software that created the document. For example, TIFF images of e-mail messages should include the BCC line. PowerPoint documents should be processed with hidden slides and all speaker notes unhidden and should be processed to show both the slide and the speaker's notes on the TIFF/JPG image. Color originals may be produced in B&W TIFF format, but either party may request, by bates number(s), a replacement set of color images if the Requesting Party shows that the absence of color obscures information in the original.

ESI shall be produced with document-level searchable Extracted Text in the form of .txt files associated by links contained within the load file. For ESI that contains redactions, a new

text file created using OCR shall be produced in lieu of extracted text, and a separate image load file shall contain a link to the TIFF image file(s) containing the redactions rather than the native file. Text files should be provided in a self-identified "Text" folder.

If a document is produced in Native Format, a single-page bates-stamped TIFF image slip-sheet containing the confidentiality designation and text stating the document has been produced in Native Format should also be provided. Each Native File should be named according to the bates number it has been assigned and should be linked directly to its corresponding record in the load file using the NATIVELINK field. If either party believes that Native Files should be produced for a specific document or class of documents not required to be produced in Native Format under this paragraph, or if records do not easily conform to native or TIFF format, i.e., structured data, the Parties should meet and confer in good faith.

## C. SOCIAL MEDIA

ESI from social media websites, e.g., LinkedIn, Facebook, Twitter, may be produced by capturing information through "screen shots" or "screen captures" and converting the same into images along with corresponding extracted text or OCR, unless the Parties agree to perform bulk exports of accounts, such as by exporting a profile from LinkedIn or downloading a copy of an individual's Facebook data or archive.

## D. MEDIA

Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, portable hard drives or through secure file transfer protocols, e.g., FTP, or similar secure electronic transmission. Production media shall be labeled with the case name, production date, Bates range, and producing party. Where this is not practicable, this information may be provided by accompanying letter. If a Producing Party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.

**4.    PROCESSING AND OTHER SPECIFICATIONS**

A.    <u>Bates Numbering and Confidentiality Designations</u>:  Each page of a produced image shall have a legible bates number that includes an alpha prefix with a fixed number, e.g., ABC00000001, electronically "burned" onto the image.  Each image page or Native File shall be assigned a bates number that:  (1) is unique across the entire document production; (2) maintains a constant length across the entire document production; (3) contains no special characters or embedded spaces; (4) is sequential within a given document; (5) does not obscure any part of the underlying image; and (6) is oriented, to the extent possible, in the same manner as the majority of the text on the page.  No other legend or stamp will be placed on the document image other than confidentiality legends (when applicable) or redactions.

B.    <u>ESI Date and Time Processing</u>:  Each Party's ESI should be processed using a consistent time zone for all data.  The Party shall share the time zone selected for processing of its data with the other Party.

C.    <u>Global or Horizontal Deduplication</u>:  Removal of duplicate documents should only be done for exact duplicate documents (based on MD5 or SHA-1 hash values, at the family level). Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  When applying global deduplication, metadata identifying all custodians in possession of each document removed as a duplicate must be provided in the CUSTODIAN metadata field, subject to any exceptions provided in this Stipulation.

D.    <u>Email Thread Suppression</u>:  A Producing Party may deduplicate emails to eliminate earlier or incomplete chains of emails and produce only the most inclusive iteration of an e-mail chain.  Following production of most inclusive e-mail threads, and for good cause shown, a Requesting Party may make reasonable requests, with respect to specifically identified most-inclusive e-mail threads, for metadata associated with individual, prior or lesser-included emails

within the identified most inclusive e-mail threads.  The Producing Party shall cooperate reasonably in responding to any such requests.

E.    Embedded Objects:  Some Microsoft Office and .RTF files may contain embedded objects.  Such objects typically are the following file types:  Microsoft Excel, Word, PowerPoint, Project, Outlook, Access, and .PDF.  Subject to claims of privilege and/or other immunity, as applicable, objects with those identified file types shall be extracted as separate files and shall be produced as attachments to the file in which they were embedded unless otherwise subject to an exception provided in this Stipulation.

F.    Compressed Files:  Compressed file types, i.e., .CAB, .GZ, .TAR, .Z, .ZIP, shall be decompressed in a reiterative manner to ensure that a .zip within a .zip is decompressed into the lowest possible compression resulting in individual files.

G.    Redaction, Anonymization, Pseudonymization:  In addition to redactions to protect privileged or protected materials, a Producing Party may redact, anonymize, or pseudonymize personally identifiable information of Non-Parties.

H.    No Designation of Discovery Requests:  Production of hard copy documents and ESI in the reasonably usable form set out in this Stipulation need not include reference to the requests to which a document or ESI may be responsive.

I.    Foreign Language Documents:  If documents or ESI are produced that contain languages other than English, the Producing Party shall produce all foreign language documents and ESI in the original language.  The Producing Party has no obligation to provide a translation of the documents or ESI or any portion thereof.

5.    IDENTIFICATION AND COLLECTION OF DOCUMENTS

Except as otherwise agreed upon in this Stipulation, the Parties will meet and confer in an effort to agree upon the following:

A.  A list of the most likely custodians of relevant ESI and/or hard copy documents;

B.  A search methodology to be applied, including but not limited to search terms and date restrictions; and

C.  The location of relevant Custodial and Non-Custodial Data Sources.

The fact that a document is hit or captured by the application of any agreed upon search term does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation.  Determinations of responsiveness and privilege shall be made by the Producing Party.  Nothing in this subpart shall restrict a party from asserting objections to propounded discovery or otherwise be construed to waive any such objections.

## 6.  PRESERVATION

A.  Each Party has an obligation to take reasonable and proportional steps to preserve discoverable information in its possession, custody, or control, consistent with Federal Rule of Civil Procedure 37(e).

B.  The Parties agree that discoverable information should be preserved while this litigation is pending, consistent with Federal Rule of Civil Procedure 37(e).

C.  The Parties agree to negotiate in good faith regarding requests for production of documents to ensure discovery is relevant to any Party's claim or defense and proportional to the needs of the case.  The Parties agree that the following ESI is not reasonably accessible because of undue burden or cost and ESI from these sources will be preserved but not searched, reviewed, or produced:

1.  Data maintained or duplicated in any electronic backup system for the purpose of system recovery or information restoration, including but not limited to, system recovery backup tapes or other media, continuity of operations systems, and data or system mirrors or shadows, if

such data are routinely purged, overwritten or otherwise made not reasonably accessible in accordance with an established routine system maintenance policy.

2.     Deleted, shadowed, damaged, residual, slack, fragmented, or other data only accessible by forensics and "unallocated" space on hard drives, provided that no Party or agent of a Party deleted, removed, or damaged the integrity of such data to prevent its discovery.

3.     Data stored in random access memory ("RAM"), temporary files, or other ephemeral data that is difficult to preserve without disabling operating systems.

4.     On-line access data such as temporary internet files, history, cache files, cookies, and the like, wherever located.

5.     Data stored on photocopiers, scanners and fax machines.

6.     Data in metadata fields that are frequently updated automatically, such as last-opened dates.

7.     Legacy data or data remaining from systems no longer in use that are unintelligible on systems in use.

8.     Electronic data, e.g., email, calendars, contact data, and notes, that exist only on a mobile device, e.g., iPhone, iPad, Android, and Blackberry devices.

9.     Voicemail recordings.

If, however, during the course of discovery, a Party believes that a data source that was not initially collected per this provision contains information that is relevant and material to the outcome of the disputed issues and cannot reasonably be ascertained from other data sources, it will meet and confer with the opposing Party to seek to come to an agreement concerning collection, production and cost-sharing regarding the data source.  Failing agreement, the Parties may seek a determination from the Court.

**7.    THIRD-PARTY DOCUMENTS**

A Party that issues a Third-Party subpoena ("Issuing Party") shall include a copy of this Stipulation with the subpoena and state that the Parties to the litigation have requested that Third Parties produce documents in accordance with the specifications herein.  The Issuing Party shall produce any documents obtained in response to a Third-Party subpoena to opposing Parties.

**8.    NO EFFECT ON RELEVANCE, DISCOVERABILITY, OR ADMISSIBILITY**

This Stipulation does not address, limit, or determine the relevance, discoverability, or admissibility of ESI, or the applicability of any privilege.  The Parties do not waive the right to seek any discovery, and the Parties do not waive any objections to specific discovery requests.  All objections to the admissibility of any document or data and assertions of privilege are preserved.

**9.    STIPULATED PROTECTIVE ORDER**

Nothing in this Stipulation shall be deemed to limit, modify, or override any provision of the Stipulated Protective Order.

**10.   MODIFICATION**

This Stipulation may be modified by a stipulation of the Parties or by the Court for good cause shown.

**SO STIPULATED AND AGREED:**

*s/ Colby A. Kingsbury*
Jessica C. Abrahams (DC # 435361)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
Tel: +1 202 230 5000
Fax: +1 202 842 8465
shaunda.pattersonstrachan@faegredrinker.com

Craig S. Coleman (MN # 0325491) (Pro Hac Vice)
Jonathan Dettmann (MN #0265032) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: +1 612 766 7000
Fax: +1 612 766 1600
craig.coleman@faegredrinker.com
jon.dettmann@faegredrinker.com

Colby Anne Kingsbury (IL #6272842) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: +1 312 569 1000
Fax: +1 312 569 3000
colby.kingsbury@faegredrinker.com

Gregg W. Mackuse (PA # 54366) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA 19103
Tel: +1 215 988 2700
Fax: +1 215 988 2757
gregg.mackuse@faegredrinker.com

Emanuel McMiller (IN #35649-71) (Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel: +1 317 237 0300
Fax: +1 317 237 1000
manny.mcmiller@faegredrinker.com

John Calvin Patterson (MS # 103140) (Pro Hac Vice)
Wesley D. Ehrhardt (MS # 103021) (Pro Hac Vice)
PATTERSON & EHRHARDT, PLLC
213 North Main St.
Como, MS 38619
Tel: +1 662 526 1992
Fax: +1 662 586 1556
jcp@pelaws.com
wde@pelaws.com

*Attorneys for Plaintiff*

*s/ Faith Lowry*
Faith Lowry
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-2532
Email: faith.e.lowry@usdoj.gov

Sarah Suwanda
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
1100 L Street NW
Washington, DC 20005
202-305-3196
Email: sarah.m.suwanda@usdoj.gov

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Date: February 3, 2025

_____
Loren L. AliKhan
UNITED STATES DISTRICT JUDGE

**APPENDIX A:  METADATA FIELDS**

| Field Name | Example/Format | Description |
|---|---|---|
| BEGBATES | ABC00000001 (Unique ID) | The Document ID Number associated with the first page of the document. |
| ENDBATES | ABC00000003 (Unique ID) | The Document ID Number associated with the last page of the document. |
| BEGATTACH | ABC00000001 (Unique ID Parent-Child Relationships) | The Document ID Number associated with the first page of the parent document. |
| ENDATTACH | ABC00000008 (Unique ID Parent-Child Relationships) | The Document ID Number associated with the last page of the last attachment. |
| PAGES | 3 (Numeric) | The number of pages for a document. |
| VOLUME | VOL001 | The name of CD, DVD or Hard Drive (vendor assigns). |
| RECORDTYPE | Options:  e-mail, attachment, hard copy, loose e-file | The record type of a document. |
| DESIGNATION | CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY | Please populate this field for all documents that carry a confidentiality designation, separate and apart from the stamping of produced TIFFs.  If the document is only provided in Native Format, this field would be populated with the designation; the Native File should be so identified. |
| REDACTED | Yes | Please populate this field for all documents that have a redaction. |
| SENTDATE | MM/DD/YYYY | The date the email was sent.  If unknown, leave blank. Do not provide |
| SENTTIME | HH:MM | The time the email was sent. If unknown, leave blank. Do not provide |
| CREATEDDATE | MM/DD/YYYY | The date the document was created.<br><br>*Parties acknowledge that the CREATEDATE field may not actually reflect the date the file was created, due to the ease of change to that field and the technical definition of the field (*e.g.*, the created date and time reflects the date when the file was created in that particular location on the computer or |
| CREATETIME | HH:MM | The time the document was created.<br><br>*Parties acknowledge that the CREATETIME field may not actually reflect the time the file was created, due to the ease of change to that field and the technical definition of the field (*e.g.*, the created date and time reflects the |

| Field Name | Example/Format | Description |
|---|---|---|
| RECORD TYPE | Image, Loose E-mail, E-mail, E-Doc, Attachment, Hard Copy or Other. If using Other, please specify what type after Other | The type of record being produced. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| TIMEZONE PROCESSED | PST, CST, EST, CET, etc. | The time zone the document was processed in. |
| FILEPATH | *i.e.*, John Smith/E-mail/Inbox | Location of the original document.  The source should be the start of the |
| AUTHOR | jsmith | The author of a document from extracted metadata.<br><br>*Parties acknowledge that the Author field may not actually reflect the author of the document. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name or e-mail of the sender of an e-mail. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name or e-mail of the recipient(s) of an e-mail. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name or e-mail of the copyee(s) of an e-mail. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name or e-mail of the blind copyee(s) of an e-mail. |
| SUBJECT | | The subject line of the e-mail. |
| DOCTITLE | | The extracted document title of a document. |
| IMPORTANCE | 0 or 1 or 2 | E-mail Importance Flag (0 = Normal, 1 = Low Importance, 2 = High Importance) |

| Field Name | Example/Format | Description |
| --- | --- | --- |
| CUSTODIAN | John Smith; Tim Jones; Finance Department | The custodian/source of a document.  NOTE:  If the documents are de-duped on a global level, this field should contain the name of each custodian from which the document originated. |
| ATTACH COUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including imbedded attachments). |
| MD5HASH (or equivalent) | | The MD5 Hash value or "de-duplication key" assigned to a document. |
| EMAIL CONVERSATION INDEX | | ID used to tie together e-mail threads. |
| NATIVELINK | D:\NATIVES\ABC000001.xls | The relative path to a native copy of a document. |
| FULLTEXT | D:\TEXT\ABC000001.txt | The path to the full extracted text or OCR of the document.  There should be a folder on the deliverable containing a separate text file per document.  These text files should be named with their corresponding bates numbers.<br><br>If the attachment or e-file does not extract any text, then OCR for the document should be provided (only to the extent the Producing Party OCR's the document for its own benefit). |

** As it relates to the CUSTODIAN metadata field above, the Producing Party reserves the right to produce in multiple fields (*e.g.*, CUSTODIAN + DUPLICATE CUSTODIAN) since the metadata may already be exported and logged as such.

** Same is true with all DATE and TIME Fields.  These fields may be provided in separate fields or combined into a single field as long as the required information is produced in the load file.